Pfister vs. Smith and another.

| 95 | 51 |
| 97 | 210 |

Pfister, Respondent, vs. Smith and another, Appellants.

*December 19, 1896 — January 12, 1897.*

*Personal service of summons on nonresident: Court commissioner: Waiver of defects: Vacating judgment by default: Discretion.*

1. Under sec. 2815, S. & B. Ann. Stats. (authorizing a court commissioner to exercise the powers of a circuit judge at chambers except where an order or proceeding is authorized to be made or taken by the presiding judge or circuit judge), and sec. 2640, R. S. (providing that an order for the personal service of a summons without the state may be made by the court or a judge thereof), such an order may be made by a court commissioner.

2. A general appearance by a defendant and a motion by him to set aside a judgment by default constitute a waiver of defects in the service of the summons.

3. Where a motion to set aside a judgment by default against nonresident defendants is made in their name by their assignee in in-

solvency, for the purpose of obtaining possession of property in this state for administration in such proceedings, and it appears that the defendants made no effort to defend; that their assignee under a voluntary assignment had merely instructed attorneys in this state to interpose an answer which would delay proceedings until it should be determined whether a defense ought to be made, but had not put them into possession of the facts upon which to base a defense, or informed them that personal service on the defendants had been had without the state; and that such attorneys had not put in such defense within twenty days because they supposed service had been obtained by publication, the denial of the relief sought is *held* not to be such a clear abuse of discretion as to warrant a reversal.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

The action was commenced January 20, 1896, to recover upward of $47,000, alleged to be due for money loaned to the defendants as partners. Pursuant to an order regularly made on the 21st day of January, 1896, by a court commissioner for Milwaukee county, the summons and complaint were personally served on the defendants at Boston, in the state of Massachusetts, on the 23d day of January, 1896. The property of defendants, situated in this state, was duly attached by proper proceedings in the case, January 20, 1896. Such proceedings were had that the attached property was sold according to law, for $7,000, on the 13th day of February, 1896. Judgment was duly rendered by default, the same day, for $41,348.52. On the 11th day of March thereafter, notice of motion was served on plaintiff's attorneys for an order setting aside the default, and allowing the defendants to come in and defend. Such motion was based on a verified answer, denying that plaintiff loaned to the defendants any of the money mentioned in the complaint, save and except the sum of $1,000, which sum was admitted to have been due and unpaid at the time of the commencement of the action, with interest thereon from December 26, 1895. The motion was also based on an affi-

davit by Charles T. Hickox, one of the attorneys for the moving parties, to the effect that defendants, at their place of residence, Boston, Massachusetts, on the 20th day of January, 1896, assigned their property to Charles H. Edson and Charles W. Fifield, for the benefit of creditors; that, on the 31st day of January thereafter, such assignees instructed the firm of attorneys of which the affiant was a member to enter an appearance in the action for defendants; that affiant did not know that service had been made personally on defendants, and for that reason and on account of the press of business he neglected to carry out his instructions. There was also an affidavit by defendant *Stoughton* to the effect that all the sums of money mentioned in the complaint, save and except about $3,000, were loaned to defendant *Smith* personally, and that $2,000 of such sum was paid before the commencement of the action.

In opposition to the motion, there was an affidavit by Charles Quarles, one of plaintiff's attorneys; also one by W. C. Quarles, and one by *Charles F. Pfister.* The latter was to the effect that such proceedings were duly had in a court of the state of Massachusetts having jurisdiction of the subject that the assignment made by defendants, January 20, was set aside, and the assets of the defendants taken possession of by an assignee appointed by such court for the purpose of administering the same under the insolvent laws of such state, which laws provide for a discharge of the insolvent from his debts in a manner not recognized by the laws of this state; that plaintiff resides in this state, and that substantially all the other creditors are nonresidents; that all the moneys loaned by plaintiff were used by the defendants as firm capital. The motion was denied, and from the order entered thereon this appeal was taken.

For the appellants there was a brief by *Elliott, Hickox & Groth,* and oral argument by *C. T. Hickox.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *Charles Quarles.*

MARSHALL, J.   The first question raised on this appeal is, Has a court commissioner power to grant an order for the service of a summons by publication, or, in lieu thereof, service without the state, under sec. 2640, R. S.? That provides that such an order may be made by the court or a judge thereof. Sec. 2815, S. & B. Ann. Stats., provides that "where these statutes authorize an order or proceeding to be made or taken by the presiding judge, or by the circuit judge, using such words of designation, no county judge or court commissioner can act.   Except as so provided, or otherwise expressly directed in particular instances, a county judge or court commissioner may exercise within his county the powers, and shall be subject to the restrictions thereon, of a circuit judge at chambers, according to existing practice and these statutes, in all actions or proceedings in courts of record."   Under such section, the word "judge" must be construed to include county judge or court commissioner. *Clark v. Bergenthal,* 52 Wis. 103.   It follows that sec. 2640, taken in connection with sec. 2815, must be construed as if it read: "The court, or judge thereof, or the county judge, or any court commissioner of the county in which the action is commenced, may make an order for service by publication," etc.   Moreover, in this case the general appearance by defendants, and motion to set aside the default on the ground of excusable neglect, constitute a waiver of all questions of jurisdiction and defects in the service.   *Dikeman v. Struck,* 76 Wis. 332; *Eureka S. Heating Co. v. Sloteman,* 67 Wis. 118.

A motion to set aside a judgment taken by default is addressed to the sound discretion of the court, and, in order to disturb its decision, it must be made to appear clearly that there has been an abuse of such discretion.   *Kalckhoff v. Zoehrlaut,* 43 Wis. 374; *Seymour v. Chippewa Co.* 40 Wis. 62.   Unless the answer tendered sets forth facts sufficient to constitute a good and meritorious defense and the default is satisfactorily excused, the motion may properly be

denied. *Jefferson Co. Bank v. Robbins*, 67 Wis. 68. Here it appears that the defendants failed to make any effort whatever to defend the action before judgment, and though the answer thereafter tendered, on the motion to open the default, is in their names and verified by one of them, the assignee appointed by the Massachusetts court in the insolvency proceedings appears to be the real moving party. The end sought obviously is to obtain possession of the property in this state for administration in such insolvency proceedings. The assignees appointed in the first instance by the defendants appear to have had full authority to act in their behalf. They knew of the commencement of the action on the 23d day of January, 1896, yet gave no directions to the attorney to defend prior to the rendition of the judgment. He was directed by letter, dated the 29th day of January, 1896, to appear and put in some kind of an answer for the purpose of keeping the case open. That can hardly be called a direction to defend. Nothing further was done until about the 9th day of March, 1896, when the proposed answer, tendered on the motion, was forwarded to the attorney to enable him to make such motion. From this it is clear that defendants and their assignees wholly neglected to put their attorney in possession of the facts, so that he could either advise them respecting the case, or interpose an answer in their behalf, till nearly a month after the rendition of judgment; and no satisfactory excuse for such neglect appears in the moving papers. The affidavit of the attorney is to the effect that he did not appear in time because he did not know that personal service had been made upon the defendants in Massachusetts; but no satisfactory excuse is offered why such defendants or their assignees did not give the attorney such information, or why he did not obtain the same himself from the records of the court. Moreover, if he had been fully possessed of all the facts in that regard, he could not have interposed an answer because of the failure of de-

fendants and their assignees, as before stated, to furnish him with a statement of the facts relied upon as a defense. In view of these facts, and the showing that the money loaned, whether direct to *Smith* or to both defendants, was used in the business of the partnership, we cannot say that the record shows a clear abuse of judicial discretion in the making of the order appealed from; hence the order must be affirmed.

*By the Court.*— The order is affirmed.