## NEPHI IRRIGATION COMPANY, a Corporation, Plaintiff and Respondent, v. SAMUEL T. VICKERS, Defendant and Appellant.

Supplemental Findings and Decree — Failure to Propose Amendments—Under Sec. 3286 R. S. 1898—Presumption as to Bill of Exceptions—Evidence—Insufficiency of—In Actions to Determine Water Rights—Rehearing Ordered—Briefs—Purpose of—When Stricken from Files.

*Supplemental Findings and Decree—Failure to Propose Amendments Under Sec. 3286 R. S. 1898—Presumption as to Bill of Exceptions.*

Where the order of this court, on a former appeal directed a modification of the decree on data to be obtained either, 1st, from the evidence adduced on the original trial; or, 2d, from other evidence which the parties might offer; or, 3d, from the report of a referee, if one should be appointed; and the second method was pursued, a supplemental hearing had, and the bill of exceptions on this appeal contains all the evidence adduced at such hearing; and respondent's attorneys proposed no amendments to the same under Sec. 3286 R. S. 1898, but consented to the settlement in its present form, this court will not presume that the supplemental findings and decree rest upon any other evidence than that contained in the bill of exceptions.

*Evidence—Insufficiency of—In Actions to Determine Water Rights —Rehearing Ordered.*

Where the evidence in an action to determine the right to certain waters, is conflicting and insufficient upon which to base a decree, the cause will be remanded with directions to the trial court to permit the introduction of additional evidence in order to determine definitely the rights of parties.

*Briefs—Purpose of—When Stricken from Files.*

The purpose of briefs is to inform the court what the points of

contention are, and by arguments on the facts and law to enlighten the court upon the questions involved, and a brief which contains a reflection on the trial court and language flagrantly improper, is not respectful to this court and will be stricken from the files.

(Decided Oct. 20, 1899.)

Appeal from the Fifth District Court, Juab County, Hon. E. V. Higgins, *Judge.*

Action by plaintiff to quiet title to waters of certain streams and springs and to enjoin and restrain defendant from interfering with any of said waters. Upon a former appeal this court remanded the case with directions to the trial court to modify the decree by finding and decreeing, either from the evidence taken or from evidence to be offered from the report of referee appointed for that purpose, "the amount of water in second feet or fractional parts of the stream in question that will be sufficient to irrigate defendant's thirty-one acres of land and for his culinary and domestic use." From the supplemental findings and decree defendant appeals. Supplemental findings and decree set aside with directions to permit the parties to introduce additional evidence.

*Samuel A. King, Esq.* for appellant.

*D. D. Houtz, Esq.*, and *M. M. Warner, Esq..* for respondent.

BASKIN, J.

This case was tried in the court below in 1896. At that trial it was found and decreed that the defendant, Samuel T. Vickers, was the owner and had the right to use sufficient of the waters of Hop Creek to irrigate thirty acres of

land, and that he was also entitled to divert at a point named, during all seasons of the year, through a certain ditch, sufficient water from Hop Creek for culinary and domestic purposes; also that he, the said defendant, was the owner of, and had the right to use sufficient water from Rock Springs to irrigate one acre of land during the irrigating season; and that the plaintiff company was the owner of, and entitled to the use of all the waters of Hop Creek and Rock Springs subject to the rights of said defendant before mentioned. Upon an appeal from this decree, by the plaintiff, this court remanded the case "with directions to the trial court to modify the decree by finding and decreeing, either from the evidence taken or from other evidence that may be offered, or from the report of a referee appointed for that purpose, the amount of water, in second-feet, or fractional parts of the stream in question, that will be sufficient to irrigate the defendant's 31 acres of land, and for his culinary and domestic purposes." *Nephi Irrigation Company* v. *Vickers*, 15 Utah, 175,178.

In pursuance of the mandate of this court the court below proceeded to take new testimony, and upon the same made new findings of fact and law, and rendered a supplemental decree. From this supplemental decree the present appeal was taken by the defendant.

The substance of the objections of appellant is that the findings, in the particulars specified in the bill of exceptions, are not warranted by the testimony.

Upon a careful examination of the record, we are of the opinion that the evidence clearly shows that the defendant was entitled to use the waters of Hop Creek and Rock Springs, in the irrigation of his land, for a longer period than that found by the trial court and awarded by the supplemental decree. It is, however, claimed by the respondent that the record does not contain all of the evi-

dence, and that therefore this court should presume that there was evidence sufficient to sustain the findings and decree.

The bill of exceptions contained in the record was duly served on the respondent's counsel, who acknowledged service thereof, in the following form:

"Due service of the above proposed bill of exceptions admitted on this 28th day of February, 1899, in time.

"WARNER & HOUTZ,

"Attorneys for Plaintiff."

Immediately below the foregoing admission of service, on the bill of exceptions, is the following:

"The foregoing proposed bill of exceptions may be allowed and settled for the purposes of appeal.

"WARNER & HOUTZ,

"Attorneys for Plaintiff."

Following this is the certificate of the judge in these terms:

"The foregoing bill of exceptions containing all the evidence introduced at the second or supplemental trial of said cause, being correct, the same is hereby allowed and settled this 8th day of March, 1899.

"E. V. HIGGINS,

"Judge."

It is not suggested in said certificate that there was any evidence adduced at the former trial bearing upon the questions tried in the supplemental hearing.

The order remanding the case, made by this court on the former appeal, directed the trial court to make findings and modify the original decree on data to be obtained from one of three different and distinct sources, towit: 1st, Either from the evidence adduced on the original trial, or, 2d, From other evidence which the parties might offer, or, 3d, From the report of a referee, if one should be appointed.

Resort was had in the supplemental hearing to the second of these sources, and a large number of witnesses were examined on the specific questions mentioned in said order. In view of these facts, and the further facts that the bill contains all of the evidence adduced at the supplemental hearing, and that respondent's attorneys proposed no amendments to the same, as they had the privilege of doing under Sec. 3286, Rev. Stat. if the bill did not contain all the evidence bearing upon the questions involved by the appeal, but expressly consented to the settlement of the bill in its present form, this court will not presume that the supplemental findings and decree rest upon any other evidence than that contained in the bill of exceptions.

We are asked to make findings and render a proper decree on the evidence contained in the record. This we are unable to do, because the rights of the respective parties cannot be definitely determined therefrom. To illustrate. The appellant testified that he was entitled to use, in irrigating his land, all of the waters of Hop Creek and Rock Springs, for two weeks in each of the months of May, June, and July, during each year, and to use the water flowing in a certain ditch one day in each week in irrigating his garden. The respondent concedes his right to said waters for a much shorter time during each of the months of May and July, but there is nothing in the testimony which tends to show the particular days or period in each month or week, during which the appellant is entitled to use these waters.

Counsel for appellant have used language in their brief which reflects upon the trial court, the impropriety of which is so flagrant that we cannot pass it by without notice.

Vituperations have no legitimate place in a legal argu-

ment. The purpose of briefs is to imform the court what the points of contention are, and by arguments on the facts and law to enlighten the court upon the questions involved in the litigation, so that the court may be assisted, thereby, in the decision of the case. Invectives are not arguments. Their use in a brief does not, in the least degree, aid the court in arriving at just conclusions, but only tends to create discord.

The use of the language referred to is not respectful to this court because it is not entitled to any weight as argument, as counsel well know; does not in the least degree aid the court, and is disrespectful and insulting to the court below. Such practice cannot be tolerated, and had our attention been called to it during the course of the oral orgument, we would not have permitted counsel to proceed, and would have then ordered the brief to be stricken from the files.

It is ordered that the supplemental findings and decree be set aside, with directions to the court below to permit the parties to introduce additional evidence, with a view of ascertaining more definitely the rights of the parties in the particulars mentioned in the previous order remanding the case; that the respondent pay the costs, and that the brief containing the objectionable matter referred to in the opinion be stricken from the files of this court.

BARTCH, C. J., and MINER, J., concur.