STOLL, Executor, Appellant, vs. PEARL and others, Respond-
ents.

*May 10—October 18, 1904.*

*Judgment by default: Refusal to vacate: Discretion: Appeal: Dis-
respectful brief: Striking from files.*

1. An order refusing to set aside a judgment by default will not
   be disturbed on appeal except to remedy a clear abuse of
   judicial authority.
2. Under Supreme Court Rule XXVII, a brief containing matter
   disrespectful to this court is stricken from the files, with costs.

APPEAL from an order of the circuit court for Chippewa
county: A. J. VINJE, Circuit Judge. *Affirmed.*

Plaintiff, as executor of the last will of John Pearl, de-
ceased, April 23, 1901, commenced this action of replevin in

the circuit court for Eau Claire county, Wisconsin, to recover of the defendants, Mr. Pearl's mother and his two sisters, $3,000, being part of the proceeds of the policy of insurance upon his life in the Mutual Benefit Life Insurance Company, which policy it was claimed deceased, shortly before he died, in fraud of his creditors and his wife—who was then seeking to obtain a divorce from him and a part of his property—assigned to the defendants subject to an outstanding claim thereon of the Chippewa Valley Bank. Such proceedings were had in the action to place plaintiff in the immediate possession of the property in dispute that the sheriff took from the possession of the defendants $1,840 thereof, and they failing to take such proceedings as to entitle them to a return of and to retain the property pending the litigation, the same was duly delivered to R. K. Boyd, plaintiff's surety, in trust for him. Defendants seasonably answered the complaint, putting in issue the claim of the plaintiff and pleading title and right of possession of the property in themselves. Thereafter the place of trial of the action was changed to Chippewa county, Wisconsin. December 20, 1902, the cause was duly called for trial in such county. Plaintiff failed to appear. Such proceedings were thereafter had that the issues formed by the pleadings were decided in favor of the defendants and judgment was rendered accordingly for a return of the money taken by the sheriff as aforesaid, with interest and costs against the plaintiff and his surety. October 12, 1903, plaintiff moved the court on affidavits to vacate the judgment or change it to one of dismissal without prejudice to the prosecution of a pending equitable action in Eau Claire county, Wisconsin, to recover the property in controversy for the benefit of the creditors of plaintiff's testator. The moving papers were to the following effect:

A short time before Mr. Pearl died, being indebted in a large amount, and in anticipation that his wife, who was pursuing him for a divorce and a portion of his property, might

succeed, and also in anticipation of his surviving but a short time, without consideration he assigned, of a $5,000 policy of life insurance in the Mutual Benefit Life Insurance Company of Newark, New Jersey, $1,000 to the defendant *Margaret Pearl,* his mother, and $1,000 each to *Mary* and *Kate Pearl,* his sisters. Part of the policy had been previously assigned to the Chippewa Valley Bank to secure the payment of obligations aggregating $1,100. A few days after the aforesaid occurrence he made a paper directing payment of the proceeds of the policy, over the claims of the Chippewa Valley Bank, his mother and sisters, to his two minor sons. At the time such assignment was made, without consideration, he conveyed a large amount of other property to certain of his relatives. He was then insolvent, and so remained up to the time of his death, which occurred a few weeks after such conveyances. Prior to his decease and subsequent to such assignments, his wife obtained a decree of divorce and a judicial award to her of $2,000 of her husband's property, the same being made, so far as the court had power to do so, a lien upon the said insurance policy. The date of his death was December 11, 1900. Plaintiff was duly appointed guardian of the minor sons and executor of his last will. Soon after administration of his estate commenced it was found that there was very little property available to pay the claims against it aggregating many thousands of dollars. The defendants, as assignees of $1,000 each of the insurance as aforesaid, made claim therefor and without objection by the plaintiff, who knew the facts, received the same. He made claim, as guardian, to the insurance money intended as aforesaid for his wards, and received $876.61. Subsequently, upon the theory that the assignments to the defendants and the designation of the children as beneficiaries were ineffective, and that the whole of the insurance belonged to the estate of Mr. Pearl to be administered by plaintiff as executor, he commenced an action against the insurance company upon the

policy to recover the same and also this action to recover the insurance money paid to them. The purpose of this action was to impeach the transfer of the insurance to the defendants as fraudulent and void as to Pearl's creditors, and it was intended to raise the same question in the action against the insurance company.

This action being on the calendar of the circuit court for Eau Claire county for trial, and the defendants being ready therefor, plaintiff prevented it by an affidavit for a change of venue. Such change was ordered to Chippewa county, Wisconsin, but through the neglect of plaintiff's attorneys it was not fully consummated. Defendant's counsel thereafter noticed the cause for trial at the March term for 1902, of the circuit court for Eau Claire county, and when the same was called announced his readiness to proceed. Plaintiff's counsel then petitioned for further delay, and succeeded. Thereafter defendants' counsel noticed the cause for trial at the September term of such court for 1902, and when the same was called therefor such counsel announced readiness to proceed. Thereupon plaintiff's counsel caused further delay in the matter by making a second application for a change of venue. Such application was granted, the cause being again ordered sent to Chippewa county for trial. The change was fully effected and defendants' counsel thereafter noticed the cause for trial at the October term, 1902, of the circuit court for such county. Upon its being called for trial at such term he announced readiness to proceed. Plaintiff's counsel postponed the hearing of the cause in manner aforesaid, in part because of being uncertain whether the remedy he was pursuing was proper. His purpose was to have the cause against the insurance company finally disposed of before the trial of this one. Prior to the last noticing for trial as aforesaid, such proceedings had occurred in the insurance company action that judgment had been entered therein adverse to plaintiff, he had appealed to this court, and the appeal was about to be

heard.   In that situation, to effect his aforesaid purpose, he
petitioned the circuit court for Chippewa county for a tem-
porary stay of proceedings in this action, setting forth, among
other things, the pendency of said appeal, that it, with other
appeals in which counsel was interested, prevented him from
giving attention to the trial of this cause, and further that
plaintiff could not safely proceed to such trial because many
documents necessary to be used thereon were on file in this
court, the same being part of the record on such appeal in the
insurance company case.   The result was that trial of this
cause was stayed till after the decision of this court upon such
appeal, it being ordered that upon such decision being promul-
gated such cause should be set down for trial without a jury
at such time and place as the circuit judge might deem proper.
The court was at the same time informed in writing that if,
by the decision upon the appeal, the judgment should be re-
versed because plaintiff was entitled to recover notwithstand-
ing his having misled the insurance company into paying the
insurance money to the defendants; or, if the judgment
should be affirmed because the assignments to the defendants
were valid and gave the assignees rights superior to the rights
of creditors of Pearl, deceased, judgment might be rendered
dismissing the complaint herein as upon plaintiff's failure to
appear; but that if this court should decide that plaintiff could
not recover of the insurance company because, although orig-
inally he was entitled to the insurance fund, he had waived
his right thereto as against such company and must look to
the persons who had received the fund from it, he would de-
sire a trial of this cause as soon as practicable, believing such
decision to in effect establish his right to recover such money.

Subsequently, the decision upon the appeal was rendered,
the judgment of the circuit court as to the defendants being
affirmed upon the ground that the paper purporting to convey
$3,000 of the insurance to them was an assignment, not a
mere designation of beneficiaries, and was good under the cir-

cumstances as a defense to plaintiff's claim against the insurance company. The question of whether such paper was good as to the creditors of the deceased was not deemed involved and not decided. Thereafter defendant's counsel applied to the circuit court for Chippewa county, presenting a copy of such decision and claiming that the same was decisive of the issues in this action, to have it speedily set for trial. An order was entered accordingly, December 20, 1902, being named. A copy of the order was served on plaintiff's attorney December 4, 1902. Shortly before the day so set for the trial, Elizabeth Pearl, by advice of plaintiff's counsel, in her own behalf as creditor of the estate of John Pearl, deceased, and of all others similarly situated, commenced an equitable action in the circuit court for Eau Claire county against the defendants herein, the plaintiff, and Robert K. Boyd, his surety, and others, to recover all the property conveyed by Mr. Pearl in fraud of such creditors as aforesaid. The attorney for the plaintiff herein was attorney for the plaintiff therein. By an injunctional order in the latter plaintiff herein was restrained from further prosecuting this action. It was intended thereby to prevent the final disposition of this case at the time set for the trial thereof. Such disposition nevertheless occurred as before stated, judgment being perfected except as to the taxation of costs, December 20, 1902. Thereafter plaintiff's attorney obtained an order in this action staying such taxation till after the injunctional proceeding in the equitable action was determined. Later perfection of the judgment herein was permitted. June 26, 1903, thereafter, application was made herein to stay the collection of the judgment until after the termination of the equitable action. It was pressed upon the attention of the court upon the theory that such judgment did not prejudice the granting of the relief prayed for in such action, but that defendants herein being insolvent, if permitted to obtain the fruits of such judgment, the same could not be recovered back; and that, while plaintiff and his

surety might be compelled to respond in this action, they would not be relieved from again responding in the equitable action. It was represented that the reason why plaintiff did not oppose the rendition of judgment herein was because he became satisfied by the decision upon the appeal aforesaid that this action was not his proper remedy. Later, and after a delay of about ten months from the rendition of the judgment, this motion was made to vacate the same upon the ground that it would or might be, if allowed to stand, a bar to any recovery of the defendants herein in the equitable action. Before such motion was made such defendants had pleaded such judgment as a defense in such action. The first injunctional order in the equitable action, restraining the defendants from proceeding to enforce the judgment, was vacated, but subsequently a second such order was obtained, and upon the theory that such judgment of itself would not prejudice the plaintiff's rights in the equitable action, but that the collection thereof would. Such order was in force when the motion to vacate such judgment was made.

Plaintiff's attorney commenced the equitable action as a substitute for this action, and neglected to appear and discontinue the latter when it was called for trial because he believed the injunctional order granted in the equitable action would prevent such trial and that in any event any judgment herein would not be *res judicata* of any question raised in the equitable action. In the complaint in such action it was stated, among other things, that the deceased, John Pearl, conveyed the insurance policy aforesaid, without consideration, to the defendants herein, and conveyed other property to certain persons named, likewise without consideration; that he was insolvent at the time thereof; that such insolvency existed up to the time of his death; that when the conveyances were made he knew his financial condition and that in the divorce action pending against him his wife was liable to obtain a judgment favorable to her, and that such judg-

ment would probably award to her a considerable portion of his property; that such transfers were made to defeat his then existing creditors and his wife from realizing upon any award of property that might be made to her in the divorce action; that such fraudulent design was participated in by the persons who received the transfers. Further facts were alleged showing that substantially the only property available to pay the debts of the deceased, amounting to several thousand dollars, was that transferred as aforesaid; that it was the purpose of the court in the divorce action to make the award of $2,000 to Mrs. Pearl a claim upon her husband's insurance policy; that he transferred the same to the defendants in anticipation of such course being taken, and to defeat the same, the persons receiving the transfers participating in such purpose; that all of the parties to this action were made parties in that action, with all others concerned in the fraudulent transfers who received any part of the property, and that Mrs. Pearl, on behalf of herself and the other creditors of the deceased, commenced the equitable action only after demanding of the plaintiff herein, as executor of her divorced and deceased husband's will, that he should commence such action, and that he refused to do so unless indemnified by her for costs and expenses, which she was unable to do. In all the proceedings mentioned the attorney for plaintiff acted in good faith according to the lights he had, to recover the insurance money paid to the defendants, that he might apply the same for the benefit of the creditors of John Pearl, deceased, acting all the while upon the advice of the same counsel. He made a mistake in commencing this action instead of an equitable action, and a mistake in not discontinuing this action instead of allowing it to proceed. He appealed to the court by this motion for relief from such judgment as soon as he became convinced of such errors.

Affidavits of merits were presented on the motion as follows: By his attorney to the effect that he resided in Eau

Claire, Wisconsin, and was familiar with the facts set forth in the complaint in this action and in the equitable action, and that the plaintiff in the latter action had fully stated the cause therein to him, and that he had advised her therein that she possessed a valid and substantial cause of action as set forth in the complaint by plaintiff in the usual way. The motion was denied and plaintiff appealed.

For the appellant the cause was submitted on the brief of *L. A. Doolittle.*

For the respondents there was a brief by *Arthur H. Shoemaker,* attorney, and *James Wickham,* of counsel, and oral argument by *Mr. Wickham.*

The following opinion was filed June 10, 1904:

MARSHALL, J. The application for relief from the judgment was made under sec. 2832, Stats. 1898. It was addressed to the sound discretion of the trial court. Upon familiar principles the result in such court is beyond the reach of this court except to remedy a clear abuse of judicial authority. *Kalckhoff v. Zoehrlaut,* 43 Wis. 374; *Seymour v. Chippewa Co.* 40 Wis. 62; *Milwaukee M. L. & B. Soc. v. Jagodzinski,* 84 Wis. 35, 41, 54 N. W. 102; *Smith v. Wilson,* 87 Wis. 14, 18, 57 N. W. 1115; *Pfister v. Smith,* 95 Wis. 51, 54, 69 N. W. 984. It has often been stated here that under such rule a strong affirmative showing must be made indicating beyond reasonable controversy inexcusable judicial action in order to warrant this court in condemning it. Testing the record before us by that, we are unable to hold the order complained of to be wrong. It probably seemed to the trial court that by a long series of mistakes so much useless and expensive litigation had occurred to vindicate the rights of the creditors of John Pearl in the property in controversy, that if the way were open for its recovery, so far as regards the judgment in question, there would be very little of it that could reach them; that so much time of the courts had been uselessly oc-

cupied with the matter, counsel experimenting first with one remedy and then with another, that after plaintiff's allowing this cause to go by default when it might have been discontinued so as not to interfere with litigating the questions involved in the equitable action, and then taking some ten months to find out the mistake of failing to do so, and in the meantime, oblivious of such mistake, pursuing a course causing much useless expense to the defendants and the public,— justice to all concerned demanded that the relief asked for should be denied and that the controversy, so far as closed by the judgment in question, should remain forever closed. We are inclined to agree with that view.

*By the Court.*—The order is affirmed.

The appellant moved for a rehearing.
The following opinion was filed October 18, 1904:

CASSODAY, C. J. In June last this court affirmed the order of the trial court refusing to set aside a judgment of that court entered upon default, on the ground that it had not been made to appear that there had been any abuse of discretion in refusing the application. The facts upon which such order was based were quite numerous, and are there stated at length and in detail, but the opinion itself is quite short. Counsel for the plaintiff filed a motion for a rehearing, and has submitted what purports to be a printed argument of fifty-one pages in support of his motion. Much of it is a reiteration of what had been fully considered. No principle of law mentioned in the opinion filed has been challenged. The only misstatement of fact pointed out consists in stating that the second application for a change of venue was made by the plaintiff's counsel, whereas it was in fact made on behalf of the defendants. That occurred early in the proceedings, and was stated merely as a part of the detailed history of the case, but was without any controlling significance as bearing upon the

question decided.   Of course, the mere fact that the trial court, or this court, drew from the record inferences or conclusions which differed from those of counsel, cannot be regarded as misstatements of fact.   There is nothing in the lengthy "brief" submitted, requiring an answer; much less a rehearing.

It is apparent from the brief itself that it was not made for the purpose of securing a rehearing, but merely as an excuse for insulting this court and impugning its motives.   This is obvious from the fact that several pages of the brief are devoted to the supposed wrongs which have been inflicted upon the counsel or his clients in other cases, with the admission that such "diversion" "has no bearing upon the point under discussion."   For twenty-six years a rule of this court—written by Chief Justice RYAN—has prohibited the printing of "any brief disrespectful to this court, or any member of it, or to the court below, or to opposing counsel."   Supreme Court Rule XXVII.   A wilful disregard of this rule by one who has been admitted to the bar of this court is not only unprofessional, but a contempt of court.   The brief in question is a gross violation of that rule.   If counsel for the plaintiff expects to continue practice in this court, it will be necessary hereafter for him to comply with this rule of the court.   No such scurrilous document will be allowed to incumber the records of this court.   The rule requires any such brief to be stricken from the files of this court.

*By the Court.*—It is ordered that the brief of counsel for the plaintiff on the motion for a rehearing be, and the same is hereby, stricken from the files of this court, with $25 costs, to be paid by the plaintiff to the attorney of the defendants for such imposition upon him and the court; and it is hereby further ordered that the motion for a rehearing be, and the same is hereby, denied, with $25 costs, as prescribed by statute (sec. 2950, Stats. 1898).