LONG-BELL LUMBER COMPANY, *a Corporation*, v. ALBERT F. NEWELL AND FRANK M. ROSS.

(Filed September 5, 1907.)

(91 Pac. 697.)

**APPEAL—Summary Dismissal—Scurrilous Brief.** Where the plaintiff in error files what is designated as a brief in support of his assignment of error, and in such written argument makes an abusive, wanton, insulting, and scurrilous assault upon the judgment appealed from, and which is an inexcusable and unwarranted reflection upon the trial judge, the so-called brief will be stricked from the files, the case treated as if no brief had been filed, and the appeal dismissed for failure to comply with the rules of the court.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before F. E. Gillette, Trial Judge.*

Appeal dismissed.

W. R. *Cowley,* L. L. *Cowley,* and E. E. *Chesney,* for plaintiff in error.

*Robberts & Curran,* and W. S. *Denton,* for defendants in error.

PER CURIAM: This cause was tried in the district court of Garfield county, before an associate justice of this court, sitting as a district judge. During an active service of over five years upon the supreme and district bench the distinguished justice has established a record for integrity, fairness, and impartiality which is unassailable, and which will endure to his credit long after his detractors will have passed into oblivion. The plaintiff in error is the Long-Bell Lumber Company, a foreign corporation which comes into this jurisdiction by comity and suffrance, and, while seeking at the hands of this court relief from an alleged erroneous judgment, overlooks the common courtesy and amenities due from a guest in the house of his host, and makes an unwarranted, wanton, and vicious attack upon a member of his host's family. The brief filed by plaintiff in error, after citing a principle contended for, contains this statement: "If this is the law—and it indeed *is*—beyond even cavil—*is the law,* then the judgment in the case at bar simply cannot remain, is everywhere unsupported, is vicious, virulent with venom, through and through, infected and infectious, fit for that antidote for that bane spoken of by Justice Swayne in *Wood v. Carpenter,* 11 Otto (U. S.) 35, 25 Law. Ed. 808." Such insolent, discourteous, and uncalled-for denunciation of a judgment of a court of high standing, and necessarily reflecting upon the judge who rendered it, can have no place in the records of a court of justice, and not only calls for severe rebuke, but exemplary punishment. And this stranger, a guest in the house of a friend, guilty of such wanton disregard of decency, must submit to the customary treatment usual in such cases, that of being unceremoniously ejected from the household whose hospitality and gener-

osity it has for so long enjoyed and preyed upon but at last outraged.

The case is one where defendants in error obtained a judgment against the plaintiff in error for a fraud alleged to have been committed through its attorney and agent. The trial court found that the corporation had a judgment against one Payne which was a lien upon a lot in the city of Enid. The lot was worth considerably more than the judgment. It was sold at sheriff's sale, and bid in by the corporation, and its bid assigned to the M. E. Church, South, and the church paid the amount of the bid. While proceedings were pending for confirmation of the sale, the agent sold the property to the defendants in error, who paid off the judgment held by the company against Payne, paid Payne the balance of the purchase money, and obtained a deed for the property. The agent represented that the church had paid nothing, and had no interest in the property. They relied on his representations and paid $800 on the strength of them. In the meantime, the corporation was resisting the claim of the church. but was defeated, and the sale was ordered confirmed, and the sheriff directed to convey the property to the church. The defendants in error got nothing. The court found that the corporation received and accepted the money paid by the defendants in error to their agent, thereby ratifying his acts and binding itself by his representations made in order to induce the payment to him of said money. The judgment in this case is to reimburse the defendants in error for the amount of money paid by them to the company for his property.

The company was charged with fraud and bad faith. The court found it guilty. It denied the authority of its agent, while holding on to the fruits of his deceit. It is in no position to make wanton and vicious assaults upon our courts. It is entitled to and will receive all the rights and privileges of a citizen of our territory in the courts of our territory, but it must submit to the same rules and observe the same respect for our courts and laws as is due from our own citizens. A foreign corporation, dealing

in lumber and building materials and occupying one of the most fruitful and profitable fields ever opened to commerce, enjoying an extensive trade with our builders and consumers, and diligent in its efforts to extend its field of operations, should be the last person to make unprovoked assaults upon the courts. In these days of the aggressions of combined wealth and the importunities of organized labor, the courts are the powerful civic regulators which stand between the two great antagonistic forces in our social and political organization, and, uninfluenced by the one and unawed by the other, compel obedience to law and deal out justice evenly and justly, and are entitled to the respect and support of all well-disposed citizens. An examination of this entire record discloses absolutely nothing to inspire, provoke, or excuse any criticism of the trial court in the proceedings had before it. There is nothing in the judgment to condemn,

This foreign corporation also comes into our court by foreign counsel, who has been permitted to appear by courtesy, and, forgetting his duty, is guilty of discourteous and unprofessional conduct in placing such a brief on file. The matter set out in the brief of plaintiff in error is improper, unwarranted, inexcusable, and reprehensible. This court cannot recognize a document containing such matters as a brief, or the filing of such, a compliance with the rule requiring a brief.

The so-called brief is stricken from the record and ordered removed from the files. And, for the reason that the plaintiff in error has failed to file a brief as required by the rules of this court, the appeal is dismissed, at the costs of the plaintiff in error.