### HOOVER v. STATE ex rel. SELBY, Co. Atty.

No. 9143—Opinion Filed Sept. 17, 1918.

(175 Pac. 117.)

1. Appeal and Error—"Brief."

The purpose of a brief is to present to the court in concise form the points and questions in controversy, and, by a fair argument on the facts and the law of the case, to assist the court in arriving at a just and proper conclusion.

## 2. Same—Brief—Striking from the Files.

A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect, or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel. The language objected to here in the brief of plaintiff in error is offensive, impertinent, insulting, unwarranted, and unjustified, and as a brief this court cannot recognize it, and it is our duty to protect the files of this court from becoming the permanent receptacle of such a document.

(Syllabus by Hooker. C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by the State, on the relation of Chas. B. Selby, County Attorney, against T. A. Hoover, to enjoin the operation of a dance hall. Judgment for plaintiff, and defendant brings error. Motion to strike from the files brief of plaintiff in error. Motion granted.

Warren K. Snyder and T. E. Robertson, for plaintiff in error.

Chas. B. Selby, for defendant in error.

Opinion by HOOKER, C. The county attorney of Oklahoma county instituted this action below to enjoin the plaintiff in error, Hoover, from operating a dance hall in Oklahoma City. The lower court sustained the injunction, and Hoover appealed here. In his brief there appears the following language:

"We take a cheerful view of the weaknesses of human kind contrasting with the view of the long-haired county attorney who by this action would hold himself up as a holier than thou individual.

"Throughout this whole trial we were reminded of the deliverence from the baneful influence of long-haired men and short-haired women, and every time we looked at the county attorney's long hair we thought how true that was. * * *

"We feel we shall have fulfilled our duty when we quote sufficient [testimony] of it to show the court the character and class of evidence introduced to justify us in claiming that this outrageous judgment rendered by the court below, who but a short time prior thereto used to be a justice of the peace in Oklahoma City.

"The judgment was rendered by Judge Oldfield. He is one of two Republican judges in Oklahoma City, the other being a Democrat. He is the same judge who, when the politicians want to perforate the Constitution or undermine the Constitution, they run to this political judge and get all sorts of writs and injunctions, when they would

not be allowed by either of the other judges, and we submit that the court below based his judgment on newspaper articles rather than the records in this case."

The county attorney has moved this court to strike the brief of plaintiff in error from the files and to dismiss this appeal, for the reason that said brief violates rule 23 of this court (47 Okla. 8, 165 Pac. ix):

"Contempt of Court.—No argument or motion filed or made in this court shall contain language showing disrespect for or contempt of the trial court."

Thereupon the attorney of plaintiff in error who prepared the brief in question requested to be permitted to withdraw the objectionable part of the same.

The language complained of is an unwarranted and an unjustifiable attack upon the trial court, and should not be tolerated nor countenanced. The courts are the safeguards of constitutional liberty. Upon them every citizen has the right to rely for protection in his life, liberty, and property, and it should be his aim, as it is his duty, to support and uphold the courts in the administration of justice, and not seek to tear down and destroy the temple to which we all must apply for our protection.

This court, in Long-Bell Lbr. Co. v. Newell, 19 Okla. 590, 91 Pac. 697, in commenting on objectionable language in a brief, said:

"Where the plaintiff in error files what is designated as a brief in support of his assignment of error, and in such written argument makes an abusive, wanton, insulting and scurrilous assault upon the judgment appealed from and which is an inexcusable and unwarranted reflection upon the trial judge, the so-called brief will be stricken from the files, the case treated as if no brief had been filed, and the appeal dismissed for failure to comply with the rules of the court."

In the case of Pittsburgh, etc., Ry. Co. v. Muncie, etc., Traction Co., 166 Ind. 466, 77 N. E. 911, 9 Ann. Cas. 165, in which the brief of appellant contained the following language:

"But the court, instead of granting appellant relief, has concluded and decreed that the operation of appellant's railroad is subservient to the rights of appellee, and that appellee may tear up and destroy its railroad, and obstruct and prevent appellant's operation thereof, and appellant is enjoined from interfering with whatever appellee may do, or desire to do. A more outrageous decree never disgraced the record of any court"

—the court struck the brief from the files, and in the opinion says:

"Such statements are as foolish as they are mischievous. Counsel has need of learning the ethics of his profession anew, if he believes that vituperation and scurrilous insinuation are usetul to him or his client in presenting his case. The mind, conscious of its own integrity, does not respond readily to the goad of insolent, offensive, and impertinent language. It must be made plain that the purpose of a brief is to present to the court in concise form the points and questions in controversy, and by fair argument on the facts and law of the case to assist the court in arriving at a just and proper conclusion. A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect, or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel. Invectives are not argument, and have no place in legal discussion, but tend only to produce prejudice and discord. The language referred to is offensive, impertinent, and scandalous. There is nothing in the record to warrant or excuse it. As a brief, we cannot recognize it as a paper or part of the case, and it is our duty to protect the files of this court from being the permanent receptacle of such an unworthy document."

In State ex rel. v. Kennedy, 60 Neb. 300, at opinion page 309, 83 N. W. 87 et seq., at opinion page 90, the court said:

"The original brief of counsel for respondents conveyed quite plainly his apprehension that political considerations might be a factor in the decision of the case. No judge conscious of his own integrity will listen to such suggestion. No self-respecting court will tolerate an argument which proceeds on the assumption that the goad and spur are necessary to compel it to discharge honestly its constitutional duty. We know, as well as counsel, that the supreme and inexorable obligation of a court to truly interpret the will of the lawgiver has no possible relation to questions of party expediency. It is surely not necessary to instruct us as to that. We believe thoroughly in the rectitude of our own intentions; we feel sure of the inflexibility of our purpose to administer justice uninfluenced by considerations of party advantage; and we will not permit counsel to deal with us on the theory that we may, perhaps, be contemplating a betrayal of our trust."

And the brief was stricken from the files.

In Stoll v. Pearl 122 Wis. 619, 99 N. W. 906, 100 N. W. 1054, the court uses this language:

"A willful disregard of this rule by one who has been admitted to the bar of this court is not only unprofessional, but a contempt of court. The brief in question is a gross violation of that rule. If counsel for the plaintiff expects to continue practice in this court, it will be necessary hereafter for him to comply with this rule of the court. No such scurrilous document will be allowed to incumber the records of this court. The rule requires any such brief to be stricken from the files of this court."

In the case of Tomlinson v. Territory, 7 N. M. 195, 33 Pac. 950, the Supreme Court of that territory affirmed the judgment of the lower court in a criminal case, and in commenting upon the brief therein used the following language:

"Further, the brief for defendant in this cause contains such an unwarranted attack upon the trial judge, his conduct, rulings, and instructions as to amount to a scandalous and impertinent attack upon the judiciary of the territory and of this court, of which the nisi prius judge is a member, which would warrant us of our own motion in striking the brief and argument from the files, and affirming the decision without further investigation. It is proper for defendant to show errors, and apply law to the same; but to allow an attorney to come into this court, and criticize and question, comment upon, and condemn the motives which actuated the judge in his rulings below, would be to place the defendant above the law, and to subject the courts of this territory to wild tirades of abuse from any person of a malignant or depraved mind, would be lowering the dignity of the bench, and subversive of good government."

In the case of Nephi Irrigation Co. v. Vickers, 20 Utah, 310, at page 315, 58 Pac. 836, at page 837, the court in speaking of a brief filed in that cause by the appellant which contained improper language, and which was not called to the attention of the court in the argument of the case, says:

"The purpose of briefs is to inform the court what the points of contention are, and, by arguments on the facts and law, to enlighten the court upon the questions involved in the litigation so that the court may be assisted thereby in the decision of the case. Invectives are not arguments. Their use in a brief does not, in the least degree, aid the court in arriving at just conclusions, but only tends to create discord. The use of the language referred to is not respectful to this court, because it is not entitled to any weight as argument as counsel well know; does not in the least degree aid the court; and is disrespectful and insulting to the court below. Such practice cannot be tolerated, and, had our attention been called to it during the course of the oral argument, we would not have permitted counsel to proceed, and would have then ordered the brief to be stricken from the files."

It is not a sufficient atonement for the use of said contemptuous language to permit attorneys to withdraw the objectionable

part of the brief. They know such conduct is reprehensible and improper, and if they have not such a regard for the ethics of their profession as to impel them to conduct themselves in accordance therewith, other means should be resorted to so that the integrity of the courts may be maintained and the dignity of the legal profession upheld.

If judges are to be thus assailed and their decisions thus impugned at the will and wish of disappointed litigants and unsuccessful attorneys, it will soon be impossible to find competent men to seek the positions.

This brief contains over 400 pages of printed matter, and it is expensive to plaintiff in error to file another, but, entertaining the view that we do, and as supported by the authorities cited, it is our judgment that the brief of the plaintiff in error be, and the same is. hereby stricken from the files of this court, and counsel admonished hereafter to present in his brief the issues of his case.

By the Court: It is so ordered.