## ERWIN et al. v. HARRIS.

No. 17660—Opinion Filed March 22, 1927.

(Syllabus.)

1. **Appeal and Error—Purpose of Briefs as Aid to Courts.**

The purpose of a brief is to present to the court in concise form the points and questions in controversy, and by fair argument on the facts and the law of the case, to assist the court in arriving at a just 'and proper conclusion.

2. **Same—Briefs Containing Contemptuous Language Stricken from Files.**

A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect, or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel. The language objected to here in the brief of plaintiff in error is offensive, impertinent, insulting, unwarranted, and unjustified, and as a brief this court cannot recognize it, and it is our duty to protect the files of this court from becoming the permanent receptacle of such a document.

Error from District Court, Hughes County.

Action between J. F. Erwin et al. and Vernon Harris. From judgment, the former being error. Brief of plaintiffs in error stricken from the files.

Pryor & Stokes and Hugh Murphy, for plaintiffs in error.

Orr & Woorford, for defendant in error.

PER CURIAM. This cause is before this court on motion to strike the briefs of the plaintiff in error and to dismiss this appeal for the reason said brief contains language of disrespect of and contempt for the trial court and to its judgment.

We have read the brief of the plaintiff in error, and find it contains language in violation of rule No. 23 of this court (87 Okla. xxii), and that it contains language of disrespect for the trial court, impugning to him ulterior motives and contempt for his judgment. Rule No. 23 is as follows:

"No argument or motion filed or made in this court shall contain language showing disrespect for or contempt of the trial court."

In the case of Chicago, R. I. & P. Ry. Co. v. Mitchell, 19 Okla. 579, 101 Pac. 850, this court in passing upon a similar situation held that:

"It is hardly the proper place in a brief addressed to the Supreme Court of this territory, to indulge in slurs, innuendoes, or abuse, and an attorney who will indulge in any such practice is certainly unmindful of his duty as an attorney, and forgetful of the proprieties that should be observed by him as a gentleman, and for that reason we here and now desire to put the seal of our condemnation upon such practice, and warn the attorneys that it will not be tolerated in this court."

In the case of Long Bell Lumber Co. v. Newell, 19 Okla. 590, 91 Pac. 697, under similar conditions, this court held:

"Where the plaintiff in error files what is designated as a brief in support of his assignment of error, and in such written argument makes an abusive, wanton, insulting and scurrilous assault upon the judgment appealed from, and which is an inexcusable and unwarranted reflection upon the trial judge, the so-called brief will be stricken from the files, the case treated as if no brief had been filed, and the appeal dismissed for failure to comply with the rules of the court."

And in the case of Hoover v. State, 73 Okla. 112, 175 Pac. 117, in the second paragraph of the syllabus thereof this court laid down the rule that:

"A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect, or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel. The language objected to here in the brief of plaintiff in error is offensive, impertinent, insulting, unwarranted, and unjustified, and as a brief this court cannot recognize it, and it is our duty to protect the files of this court from becoming the permanent receptacle of such a document."

And in the body of the opinion the court said:

"The language complained of is an unwarranted and unjustifiable attack upon the trial court, and should not be tolerated nor countenanced. The courts are the safeguards of constitutional liberty. Upon them every citizen has the right to rely for protection in his life, liberty, and property, and it should be his aim, as it is his duty, to support and and uphold the courts in the administration of justice, and not seek to tear down and destroy the temple to which we all must apply for our protection.

"If judges are to be thus assailed and their decisions thus impugned at the will and wish of disappointed litigants and unsuccessful attorneys, it will soon be impossible to find competent men to seek the position."

And in the opinion the court quoted extracts from various opinions which are applicable to the instant case, as follows:

"Such statements are as foolish as they are mischievous. Counsel has need of learning the ethics of his profession anew, if he

believes that vituperation and scurrilous insinuation are useful to him or his client in presenting his case. The mind, conscious of its own integrity, does not respond readily to the goad of insolent, offensive, and impertinent language. It must be made plain that the purpose of a brief is to present to the court in concise form the points and questions in controversy, and by fair argument on the facts and the law of the case to assist the court in arriving at a just and proper conclusion. A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect, or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel. Invectives are not argument, and have no place in legal discussion, but tend only to produce prejudice and discord. The language referred to is offensive, impertinent, and scandalous. There is nothing in the record to warrant or excuse it. As a brief, we cannot recognize it as a paper or part of the case, and it is our duty to protect the files of this court from being the permanent receptacle of such an unworthy document." (From the case of Pittsburgh, etc., Ry. Co. v. Muncie. etc.. Traction Co., 166 Ind. 466.)

"A willful disregard for this rule by one who has been admitted to the bar of this court is not only unprofessional, but a contempt of court. The brief in question is a gross violation of that rule. If counsel for the plaintiff expects to continue practice in this court. it will be necessary hereafter for him to comply with this rule of the court. No such scurrilous document will be allowed to incumber the records of this court. The rule requires any such brief to be stricken from the files of this court." (Stoll v. Pearl, 122 Wis. 619. 99 N. W. 906. 100 N. W. 1054.)

"It is proper for the defendant to show errors, and apply law to the same; but to allow an attorney to come into this court. and criticize and question, comment upon, and condemn the motives which actuated the judge in his rulings below, would be to place the defendant above the law, and to subject the courts of this territory to wild tirades of abuse from any person of a malignant or depraved mind, would be lowering the dignity of the bench, and subversive of good government." (Tomilson v. Territory, 7 N. M. 195, 33 Pac. 950.)

"The purpose of briefs is to inform the court what the points of contention are, and, by argument on the fact and law, to enlighten the court upon the question involved in the litigation so that the court may be assisted thereby in the decision of the case. Invectives are not arguments. Their use in a brief does not, in the least degree, aid the court in arriving at just conclusions, but only tends to create discord. The use of the language referred to is not respectful to this court, because it is not entitled to any weight as argument, as counsel well know;

does not in the least degree aid the court; and is disrespectful and insulting to the court below. Such practice cannot be tolerated. and, had our attention been called to it during the course of the oral argument, we would not have permitted counsel to proceed, and would have then ordered the brief to be stricken from the files. (Nephi Irrigation Co. v. Vivkers, 20 Utah, 310, at page 315, 58 Pac. 836.)

We refrain from copying the language used by plaintiff in error in the brief, for the very reason set forth in the second paragraph of the syllabus in Hoover v. State, supra, in that it is our duty to protect the files of this court from becoming the permanent receptacle of such a document. but having read the same and finding that the language falls within the rules above set forth, it is hereby ordered that the brief of the plaintiff in error be stricken from the files of this court, and that the plaintiff in error be required to file brief within 20 days, which said brief shall conform to the rules of this court and in which plaintiff in error shall refrain from the use of language disrespectful of the trial court, its judgment, parties, and attorneys to this action.

Note.—See under (1) 3 C. J. pp. 1406, 1407. §1581; 2 R. C. L. p. 176. (2) 3 C. J. p. 1432, §1595; 2 R. C. L. p. 177; 4 R. C. L. Supp. p. 88.