**PANCOAST, Adm'r, et al. v. ELDRIDGE.**

No. 18113.　Opinion Filed Oct. 4, 1927.

(Syllabus.)

**Appeal and Error—Briefs Containing Language Contemptuous Toward Trial Court and Opposing Attorneys Stricken from Files.**

A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect or professional discourtesy of any nature for the court of review, the trial judge, or the opposing counsel. The language used by the plaintiff in error in his reply brief toward the judgment of the trial court and the trial judge and the language used by the defendant in error in the response to the reply brief toward opposing counsel are each offensive, impertinent, insulting, unwarranted and unjustified, and come within the rule set forth herein, and as briefs this court cannot recognize them. It is our duty to protect the files of this

court from becoming the permanent receptacle of such documents.

Error from District Court, Noble County; Claude Duval, Judge.

Action between A. Pancoast, administrator of the estate of George W. Brown, deceased, and Ben G. Eldridge; State or Oklahoma intervener. From the judgment, the administrator and intervener appeal. Reply of plaintiff in error and response thereto by defendant in error stricken from the files.

H. A. Johnson, for plaintiff in error.

Cress & Tebbe, for defendant in error.

PER CURIAM. Plaintiff in error has filed herein a brief in reply to the answer brief of the defendant in error. Following the filing of this brief, the defendant in error has filed a brief in response to the reply brief of the plaintiff in error, in which last-mentioned brief counsel for defendant in error makes a derogatory comparison of counsel for plaintiff in error with a witness in the case whose credibility has been attacked by counsel for plaintiff in error, amounting to an insult. Plaintiff in error has filed his motion to strike the brief of defendant in error for the reason same is in violation of the rules and former decisions of this court. With this we agree. The attorneys of record for the defendant in error, after having made the unwarranted attack in their brief, have cited numerous cases wherein this court has held that:

"A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect or professional discourtesy of any nature for the court of review, the trial judge, or opposing counsel." Hoover v. State, 73 Okla. 112, 175 Pac. 117.

To which they have added numerous cases from other jurisdictions supporting the same proposition, and thereby have fallen into the pit dug by themselves. To the list of authorities cited by the defendant in error let us add the case of Erwin v. Harris, 124 Okla. 225, 254 Pac. 718, from which counsel, had they kept abreast, could have known this court still adhered to the rule announced in the case of Hoover v. State, supra.

However, defendant in error cited the authorities above referred to as against certain language of disrespect, toward the judgment of the trial court and the trial judge, used in the reply brief of plaintiff in error and have with much force applied these citations thereto, yet they are unable to remove the "beam from their own eye." This is not said of the defendant in error alone. We have read plaintiff in error's reply brief and find that counsel for the plaintiff in error is guilty of a violation of the same rule in that he uses therein language of disrespect for the judgment rendered in this cause and for the trial judge rendering the same, and, whether from failing memory or lack of review, has cited and applied in his motion the rule in the case of Hoover v. State, supra, thereby supplying the pitfall for his reply brief.

The language used in these briefs is neither wise nor witty, it is offensive, impertinent, insulting, unwarranted, and unjustified, and, as was said in the case of Erwin v. Harris, supra, we refrain from copying the language used in these briefs for the reason set forth in the second paragraph of the syllabus in the case of Hoover v. State, supra. Recognizing our duty to protect the files of this court from becoming the permanent receptacle of such documents, it is hereby ordered that the reply brief of the plaintiff in error and the response thereto by the defendant in error be stricken from the files of this case.

Note.—See 3 C. J. pp. 1432, 1433, §1595; 2 R. C. L. p. 178; 4 R. C. L. Supp. p. 88.