2009 WY 131

**Richard V. GOSE and Celeste M. Gose, Appellants (Plaintiffs),**

v.

**CITY OF DOUGLAS, Wyoming, Appellee (Defendant).**

No. S–09–0133.

Supreme Court of Wyoming.

Oct. 30, 2009.

See also 193 P.3d 1159.

ORDER OF SUMMARY AFFIRMANCE

[¶ 1]  **This matter** came before the Court upon its own motion following a review of cases recently recommended to this Court's expedited docket.  After a careful review of this matter, this Court concludes that the "Brief of Appellant[s]" should be stricken from this Court's files due to Appellant's repeated use of disrespectful language against the district court, this Court, and others.  With the brief having been stricken, this Court concludes that the order that is the subject of this appeal, the district court's "Order Granting Defendant's Converted Motion for Summary Judgment," should be summarily affirmed.

[¶ 2]  Over one hundred years ago, this Court indicated that it would strike briefs that include disrespectful language.  In *Eggart v. Dunning*, 15 Wyo. 487, 89 P. 1022, 1024, (1907), the Court wrote:

> We feel that it is due this court to refer to another matter before closing this opinion.  Counsel for plaintiff in error has strayed far from the well-beaten path of good ethics.  He takes occasion in his brief to criticize this court in disrespectful language for its recent decision in *Burns v. C.B. & Q. Ry. Co.*, 14 Wyo. 498, 85 Pac. 379, and in which case he was counsel for the unsuccessful party.  That decision has no bearing upon the questions in this case, and the reference to it with the language used excludes any idea of his act in so doing as being other than gratuitous.  This court is not over-sensitive to criticism couched in respectful language, but when a brief is filed, which carries with it language that is disrespectful, whether intentionally so or not, such act is inexcusable.  It is due to the attorneys practicing at the bar of this court to say that it has never had occasion to refer to such conduct before.  We have refrained from striking the brief from the files, but take this occasion to say that a repetition of such conduct will subject a party to the penalty at least of having his brief stricken from the files.

*See also Application of Stone*, 77 Wyo. 1, 305 P.2d 777, 786, (1957) ("The majority view among state courts is in accord with these Federal cases in holding that the filing of insulting and scurrilous letters or pleadings constitutes a contempt. . . .  However, it will be noted that in none of these cases was there a *continued* campaign of invective of the nature sent to this court by the defendant herein").

[¶ 3]  More recently, the Tenth Circuit Court of Appeals has written:

> Plaintiff's briefs on appeal do little more than attempt to impugn (without basis) the integrity of the district judge.  Such writings are intolerable, and we will not tolerate them.  "Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates.  This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers."  *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (6th Cir.1993).  "If the complaint or other pleadings are abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court."  *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir.1981) (citing Fed.R.Civ.P. 12(f) ("Upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.")).  In *Theriault v. Silber*, 579 F.2d 302 (5th Cir.1978), the court dismissed an appeal with prejudice because the appellant's notice of appeal contained "vile and insulting references to the trial judge."  Although recognizing the leniency typically given to pro se plaintiffs, the court stated: "This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents.  Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge."  *Id.* at 303.  *See also Carrigan v. California State Legislature*, 263 F.2d 560, 564 (9th Cir.1959) ("Perhaps the easiest procedure in this case would be to dismiss the entire appeal as frivolous, and strike the briefs and pleadings filed by appellant . . . as either scandalous, impertinent, scurrilous, and/or without relevancy.

Undoubtedly such action would be justified by this Court.") A like response is called for in this case.

*Garrett v. Selby, Connor, Maddux & Janer,* 425 F.3d 836, 841 (10th Cir.Okla.2005).

[¶ 4] In their brief, the Appellants repeatedly criticize, with disrespectful language, the district court judge who entered the "Order Granting Defendant's Converted Motion for Summary Judgment." Appellants also criticize, with disrespectful language, the district court judge who formerly presided in this matter. In addition, Appellants criticize this Court, although those criticisms pale in comparison to the repeated criticisms of said district court judges. Leaving no stone unturned, Appellants also use their brief as a forum to cast aspersions at the Federal District Court judge who presided over Appellants' federal case. In addition, Appellants include innuendo about the potential for bribing judges. Last but not least, the Appellants criticize the members of a particular religion.

[¶ 5] While this Court, like any court, must not be over-sensitive to criticism, Appellants' repeated use of disrespectful language goes beyond the bounds of what this Court can be expected to tolerate. This Court concludes that Appellants' brief must be stricken from this Court's file. This Court further concludes that the district court's "Order Granting Defendant's Converted Motion for Summary Judgment" should be summarily affirmed. *Long–Bell Lumber Co. v. Newell,* 19 Okla. 590, 91 P. 697, 698 (1907) ("The so-called brief is stricken from the record and ordered removed from the files. And, for the reason that the plaintiff in error has failed to file a brief as required by the rules of this court, the appeal is dismissed"); *Tomlinson v. Territory,* 7 N.M. 195, 33 P. 950, 955 (1893).

[¶ 6] While a curious onlooker may be interested in the exact nature of Appellants' criticisms and disrespectful language, this Court will not sully this order, or this Court's files, with the language used by Appellants. *Erwin v. Harris,* 124 Okla. 225, 254 P. 718, 719 (1927) ("We refrain from copying the language used by plaintiff in error in the brief, for the very reason ... that it is our duty to protect the files of this court from becoming the permanent receptacle of such a document"). Suffice it to say that Appellants' digressions are numerous and improper.

[¶ 7] Finally, this Court finds that this matter should be referred to the State Bar of New Mexico. In the Brief of Appellant[s], Mr. Richard Gose informs this Court that he is still a member of the State Bar of New Mexico. According to this Court's research, Mr. Gose appears to be an inactive member of the State Bar of New Mexico. Due to Mr. Gose's conduct in being party to the filing of the Brief of Appellant[s], this Court finds that this matter should be referred to the State Bar of New Mexico, for whatever action it deems appropriate. It is, therefore,

[¶ 8] **ORDERED** that the "Brief of Appellant[s]" be stricken and removed from this Court's file; and it is further

[¶ 9] **ORDERED** that the "Reply Brief of Appellant[s]" received by this Court, although timely, shall not be filed, because that brief includes similar disrespectful language and because such brief is not proper following the striking of the "Brief of Appellant[s]"; and it is further

[¶ 10] **ORDERED** that the District Court's May 28, 2009, "Order Granting Defendant's Converted Motion for Summary Judgment" be, and the same hereby is, affirmed; and it is further

[¶ 11] **ORDERED** that the Clerk of this Court shall transmit to the State Bar of New Mexico a copy of this "Order of Summary Affirmance" as well as copies of the "Brief of Appellant[s]" and the "Reply Brief of Appellant[s]," for whatever action that State Bar finds appropriate.

**DATED** this 30th day of October, 1009.

BY THE COURT

/s/ Barton R. Voigt
Barton R. Voigt
Chief Justice