[L. A. No. 326.   In Bank.—July 10, 1897.]

## SAN DIEGO WATER COMPANY, Appellant, *v.* CITY OF SAN DIEGO et al., Respondent.

Appeal—Striking Brief from File—Disqualification of Judge—Un- justifiable Insinuations.—On an appeal from an order refusing a motion for a change of the place of trial, based on the ground that the trial judge was disqualified to hear and determine the cause by reason of his interest in the subject matter of the litigation, the only question for decision is whether or not the judge was legally disqualified; and insinuations in the appellant's brief of impropriety and indelicacy on the part of the trial judge in not granting the motion, especially where there is nothing in the record to sustain them, are improper, and a ground for striking such brief from the files.

Appeal from an order of the Superior Court of San Diego County refusing an order for a change of the place of trial.   E. S. Torrance, Judge.

Motion to strike brief from files.   The facts are stated in the opinion of the court.

*Works & Works, Works & Lee,* and *Trippet & Neale,* for Appellant.

*Gibson & Titus, H. E. Doolittle,* and *T. L. Lewis,* for Respondents.

The Court.—This is an appeal from an order over- ruling plaintiff's motion for a change of the place of trial.   The motion was based upon the ground that the judge of the superior court was disqualified to hear and determine the cause by reason of his interest as a taxpayer and water consumer of the municipal corpo- ration defendant.   In support of its appeal a brief has been filed by the plaintiff containing matter which re- spondent contends is scandalous and impertinent, upon which ground a motion is made to strike the brief from the files.

The following passages from the introductory and concluding portions of the brief are those which are particularly objected to:

"That the conditions were such that a judge, in justice to himself and to the parties interested, but particularly in justice to himself, would have been justified in declining to sit as judge, no right-minded judge or lawyer will deny. He has not seen fit to exercise this right, but has driven us to the unpleasant task of asserting, and attempting to maintain, that he was legally unqualified to try the case. We say unpleasant task because it is never pleasant for a lawyer to take the position that a judge has violated the doctrine, so jealously guarded by law, that no man shall sit as judge in his own case. It is usually taken by the judge as a personal reflection upon him, and it is such a reflection, and one of the most serious character, where the judge has knowingly and willfully asserted his right to sit in the case. But, while the duty of an attorney under such circumstances is not a pleasant one, it is none the less a duty that he has no right to shirk or neglect.

"If the judge has acted in good faith and simply erred as to the law which should govern his action, it is only an error and casts no reflection upon his integrity as a judge. If he has willfully persisted in trying a case where he is disqualified, no condemnation of his conduct can be too severe. In either case an appellate court will be quick to give relief to the party who has been compelled to try his case before an interested judge, and in the latter to remove from the judiciary a stigma that must always attach to the court under such circumstances.

"Let us assume that the judge of the court below has acted in good faith in maintaining his right to sit in the case, and to inquire into the cold law which should have governed his action.

"There are many circumstances connected with the case, but not appearing in the record, that would show, perhaps as clearly as any case ever submitted to the courts for determination, the wisdom of the strict rule laid down in the decided cases against any action being taken in a cause by a judge who can be reasonably sus-

pected of being influenced by self-interest, and the gross impropriety of a judge knowingly taking such action where such reasonable ground for suspicion exists."

With every disposition to put the most favorable construction upon the language of counsel, we cannot avoid the conclusion that they have in this instance overstepped the bounds of legitimate argument or criticism. Counsel have no right to suggest that there are matters outside of the record which would show that the judge of the superior court has been guilty of gross impropriety in acting upon the view that he was not legally disqualified to try the cause. The only question to be decided upon the appeal is the question clearly presented by the record. Whether a tax and water rate payer of the city of San Diego can act as judge in the trial of this controversy? If he is not legally disqualified the order must be affirmed; if he is disqualified the judgment must be reversed, and the question whether he ought or ought not to have declined to sit in the case as a matter of delicacy, although not technically disqualified, is one which could by no possibility be litigated in this court. The charge, therefore, of impropriety and indelicacy on the part of the judge of the superior court, which is certainly insinuated, if not directly made in the passages above quoted from appellant's brief, should not have been made, especially as there is nothing in the record to sustain it.

The motion to strike out is granted.