KELLEY et al. v. BOETTCHER et al.    CURRAN et al. v. CAMPION et al.

DONOVAN v. SAME.

(Circuit Court of Appeals, Eighth Circuit.    September 15, 1897.)

Nos. 870–872.

ATTORNEYS—IMPROPER AND SCANDALOUS BRIEFS—STRIKING FROM RECORD.

Where an attorney filed in an appellate court a brief filled with denunciation and abuse of the judges who decided the case against him below, and containing attacks upon their intelligence, integrity, and personal character. *held*, that the brief would be stricken from the files, that the name of the attorney would be stricken from the record as solicitor or counsel, and he would not be permitted to be heard further in the case, either orally or by brief; but that appellant would be permitted to appear by other counsel, and file new briefs within a time limited.

Appeal from the Circuit Court of the United States for the District of Colorado.

This was a bill in equity by Thomas D. Kelley, Margaret O. Kelley, Michael P. Kelley, and Annie B. Kelley against Charles Boettcher, John F. Campion, A. V. Hunter, A. R. Meyer, William Boyd Paige, Max Boehmer, and the Ibex Mining Company.    Demurrers to the original and an amended bill were sustained by the court below, and, complainants declining to amend further, a decree was entered for defendants.    From this decree the present appeal was taken.    The cause was heard upon a motion to strike the brief of Mr. T. A. Green from the record.

Charles Cavender and Charles J. Hughes, Jr., for the motion.

T. A. Green and E. B. Green, opposed.

Before BREWER, Circuit Justice, and SANBORN and THAYER, Circuit Judges.

BREWER, Circuit Justice.    A motion has been made to strike from the files the brief of appellants, signed by T. A. Green as solicitor, and affirm the decree.    The ground of the motion is, in general terms, the irrelevant, scandalous, and offensive matter with which that brief is filled.    The record discloses that appellants, as plaintiffs, on June 19, 1895, by T. A. Green, their solicitor, filed a bill in equity in the cir-

cuit court, seeking to set aside a deed to a one-sixth interest in the Little Johnny lode mining claim. This deed was charged to have been executed on January 16, 1893, and it was claimed that the execution thereof had been fraudulently obtained. Attached to and as a part of the bill were 72 interrogatories directed to one of the defendants, 47 to another, 72 to a third, and 20 to a fourth. The bill having been dismissed by complainants as to certain other defendants, the interrogatories as to them are not copied into the record before us, but it is stated that there were 49 typewritten pages of such interrogatories. With these interrogatories left out, the bill and remaining interrogatories fill 42 pages of the printed record. To this bill the defendants severally, on August 31 and October 5, 1895, demurred. The demurrers were, after argument before Judge Riner, and on January 30, 1896, sustained, and leave given to file an amended bill within 10 days. On February 5, 1896, amendments were filed, and to the bill as thus amended, after a motion to strike out had been overruled, a demurrer was, on May 4, 1896, filed, which, after argument, was sustained by Judge Hallett, and, the plaintiffs declining to further amend, a decree was entered on July 13, 1896, in favor of the defendants. From this decree an appeal was on the same day asked and allowed.

From the foregoing record it appears that there was no unreasonable delay on the part of either Judge Riner or Judge Hallett in deciding the questions raised by the demurrers, nor any attempt to interfere with the right of appeal. The order sustaining the demurrer to the original bill gave leave to file an amended bill. No conditions or terms were placed in this order, yet the amended bill contained two or three pages of matter like the following:

"Your orators and oratrices again most earnestly protest against this honorable court violating all rules, and especially the decisions of the supreme court of the United States, which complainants are advised and believe are binding and obligatory upon this honorable court, by compelling these complainants or their solicitor to violate all rules of pleading in order to prevent this honorable court, in violation of all law and all precedent, from sustaining demurrers to complainants' bill of complaint, and requiring complainants' solicitor to furnish affidavits of all of the facts and circumstances connected with the discovery of the facts constituting the fraud alleged in this' case by complainants, and that, too, even when defendants' demurrer to complainants' bill of complaint is a solemn admission of all of the material facts and allegations contained in said bill; and your orators and oratrices most respectfully and earnestly admit that this honorable court should consider and determine all questions raised by demurrers in accordance with the decisions of the supreme court of the United States and of all precedent in all courts of equity, both federal and state, throughout the whole United States, as well as in the chancery courts of England; and complainants most earnestly and respectfully protest again against being compelled to violate all rules and all practice of good pleading in order to prevent this honorable court from sustaining demurrer after demurrer to this bill of complaint; and complainants insist most earnestly and maintain that their original bill of complaint was full and complete in every respect, and in strict accordance with all well-established principles of equity pleading, and contained specific charges of fraud enough to have supported a dozen ordinary bills of complaint for relief against fraud; * * * and complainants respectfully and most earnestly insist that all such rulings of this honorable court are not only in violation of all precedent and all authority, both state and federal, but that such rulings are judicial acts of oppression as to complainants and a direct denial of all of the rights secured by the decisions

of the supreme court of the United States to complainants as well as to other litigants in this honorable court, and that such rulings on the part of this honorable court operate as an absolute denial of all rights in this honorable court, and as an act of great judicial wrong and oppression."

In sustaining the demurrer to the amended bill, the court observed:

"This is not an occasion for any observations respecting the scandalous matter inserted in the amendment in relation to the ruling of the court in the first demurrer. Punishment for the sins of the solicitor cannot be visited upon the unoffending suitor. We shall find opportunity to deal with that matter by and by. It is impossible to allow such offensive criticisms to remain upon the files of the court. The clerk will withdraw from the files the original bill and the amendment, seal them in a separate package, which shall be kept in some receptacle distinct from that allotted to the papers in the cause, and opened only upon the order of the court. Within thirty days from the date of the order complainants will be at liberty, if so advised, to file a new bill, which shall contain only the matters declared to be proper for consideration in this opinion. Such bill shall not exceed in length 25 typewritten pages. When presented, it shall be filed by the clerk as of the date June 19, 1895, when the original bill was filed, and it shall be taken to be the original bill of complaint in all further proceedings in the cause. The demurrers will be sustained, the original bill and amendment will be stricken from the files, and an order will be entered as indicated respecting a new bill to be filed."

—And entered an order to the same effect. Thereafter an appeal was, as stated, prayed, and allowed.

This is the record, and the entire record. On July 31, 1897, Mr. T. A. Green, as solicitor, filed a brief in behalf of the appellants. This brief contains 267 pages. Instead of being confined to a discussion of the questions arising on the record, and proper for consideration on this appeal, it contains page after page of denunciation and abuse of the two judges who decided these demurrers. It goes far beyond criticism or denunciation of the decisions. It is personal in its attacks upon the intelligence, integrity, and character of the judges. There are in it allegations of matters of a personal nature, in no manner connected with or suggested by anything in the record, and insinuations and charges against those judges in language which, speaking mildly, is not common among gentlemen. That this is an offense against the proprieties of professional life is not open to question. The matter thus poured into the brief is irrelevant and grossly scandalous. No self-respecting court can, for a moment, think of tolerating such conduct. After service of notice of this motion, and just before the time set for its hearing, a new brief was filed, signed by Mr. T. A. Green and Judge E. B. Green, the latter having been recently employed as associate counsel. It is not suggested that there is anything in this brief of an offensive character, and apparently it was prepared and filed to obviate any consequences which might flow from the character of the former brief. Judge Green evidently appreciates fully the situation, and seeks to relieve his clients from its difficulties; but, under the circumstances, we cannot recognize this latter brief as now properly in the case. What ought to be done? That the client should not unduly suffer on account of the wickedness and malice of counsel is clear, but at the same time no such outrage can be tolerated, and a client must expect to suffer somewhat for the misconduct of the counsel he employs.

The following order will be entered:   The brief in favor of appellants, signed by T. A. Green as solicitor, and filed July 31, 1897, and also the brief signed by T. A. Green and E. B. Green, as counsel, and filed September 10, 1897, will be stricken from the files in this case; the name of said T. A. Green will be stricken from the record as solicitor or counsel of appellants, and he will no longer be heard in this case, either orally or by brief; the appellants will be permitted to appear by some other solicitor or counsel, and file new briefs within 30 days, and the appellees will have 15 days thereafter to reply thereto, and the case will be continued and set down for hearing at the next term of this court.   All the costs of the case up to date will be charged to appellants.

The same order will be entered in case No. 871, Michael Curran et al. v. John F. Campion et al., and in case No. 872, James H. Donovan v. John F. Campion et al.