### SCHLEISSNER v. SCHLEISSNER.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

APPEAL—BRIEFS—SCANDALOUS CHARACTERIZATION OF TRIAL JUDGE—RETURN TO COUNSEL.

Where counsel in his brief spoke of the trial judge as the "arrogant trial justice," the brief was scandalous, and would be returned to counsel, with permission to file another, omitting the objectionable matter.

Appeal from trial term, Kings county.

Suit by Ernestine Schleissner against Morris Schleissner. From a judgment for plaintiff, defendant appeals. Order for return of appellant's brief to him because of scandalous matter, and giving permission to file another.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Ralph Nathan, for appellant.
Jacob Marks, for respondent.

WILLARD BARTLETT, J. Upon the trial of this action the learned judge before whom the cause was heard received testimony

showing that the wife had loaned upwards of $5,000 to her husband, and that, upon her refusal to give him more money, he said he had no use for her, and abandoned her. Referring to the testimony on this subject, counsel for the appellant, on the ninth page of his printed brief, argues as follows:

"The court at this stage made the remarks that the plaintiff bought the defendant, and that he (the court) would see to it that the defendant pay it back. This, of course, was omitted by the stenographer, and was not printed in the record; but it shows that this money absorbed the mind of the arrogant trial justice to the exclusion of all other evidence, and therefore the reception of this evidence was reversible error."

The epithet applied to the judge in this paragraph is grossly improper and impertinent. There is nothing in the record to excuse or palliate such a characterization; and the insertion of abusive matter of this sort in the brief renders it scandalous, and makes it the duty of this court to refuse to permit the paper containing it to remain upon the files of the appellate division. All copies of the brief furnished to the clerk must be returned to counsel for the appellant, who may be allowed, however, to file another brief, omitting the objectionable matter, upon serving the prescribed number of copies on his adversary. After this is done, the appeal will be in readiness for determination.

Ordered accordingly. All concur.