### Alton National Bank v. Edwin Beggs, for Use, etc.

1. PRACTICE—*Judge of Trial Court to Certify What Was Done in His Court.*—It is for the judge of the court where the case was tried to say what has been done in that court. Affidavits can not be considered to show that a part of the record is untrue.

2. APPELLATE COURT PRACTICE—*Where No Proper Briefs Are Filed.*—Where the appellant has failed to file any proper briefs in the case, the judgment of the court below will be affirmed.

Attachment.—Appeal from the City Court of Alton; the Hon. ALEXANDER W. HOPE, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903. Rehearing denied.

MILLS & CLIFFORD, attorneys for appellant.

JOHN J. BRENHOLT, attorney for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

In this case suit was begun by Robert J. Young, by attachment in a justice's court, in the city of Alton, against Edwin Beggs, and appellant was garnisheed as a creditor of Beggs. A judgment was rendered by the justice against Beggs, for $58.80, and judgment was also rendered against

appellant in favor of Edwin Beggs, for the use of Robt. J. Young, for the same sum, from which the bank appealed to the City Court of Alton, where a trial was had by a jury, which resulted in a judgment against appellant for $58.80, and the bank has appealed to this court.

A motion was made in this court as follows:

" And the appellant moves the court to strike from the record in this case so much of the bill of exceptions on p. 29 of the record as appears to have been inserted by the court, being all that part of said page 29 as has been written by the clerk with a pen. He further moves the court to reserve the motion until the hearing of the cause.

R. W. Mills,<br>Att'y for Appellant."

A motion was made by appellee to strike from the files appellant's brief, for the reason " that said brief contains such offensive language that it casts a reflection on the honesty and integrity of the trial judge, and is plainly in violation of the well known rules of professional propriety laid down by this honorable court."

Appellant followed appellee's motion with a cross-motion as follows:

" And the appellant enters its cross-motion that the motion to strike brief of appellant from the files of this honorable court, may be taken and considered with the hearing of the case together with a motion to strike out portions of the record, with the affidavits attached, now in preparation."

These motions were taken with the case.

As to appellant's motion to strike from the transcript of the record an important part of the evidence that appears there, the counsel who makes the motion does not claim that the bill of exceptions has been tampered with by adding to or taking from it a single word since it was settled, signed and sealed by the judge before whom the case was tried. Nor can it be claimed that the affidavits he has brought here to support his contention are not met with affidavits of apparently credible persons, who swear directly contrary to the affidavits produced by appellant.

But it does not matter how many affidavits have been or might be produced to this court, to show that a part of the record is untrue, for if there were many and none to contradict them, we would not change the record because we could not legally do so. It is for the judge of the court where the case was tried, to say what has been done in that court, and it is for this court to say whether it has been legally or illegally done.

In view of what has been done by counsel for appellant, we regret to have to say that we have no doubt whatever that he fully agrees with us in all we have said, since, in his argument, he says:

".No one will dispute that it is the law when a trial judge signs and seals a bill of exceptions, it becomes a record and imports absolute verity."

The motion is overruled.

We very much regret to feel compelled to sustain appellee's motion to strike appellant's brief from the files of this court. If we failed to do so we would fail in our duty to the public—to ourselves—to this court as it may be hereafter organized when we leave it—to the bar that now practices, as well as the bar that may hereafter practice here, and beyond all others, to the counsel who prepared and filed the brief; for, that it is lacking in respect for the court, is scandalous and unprofessional in a high degree, is certainly true, which the counsel in his cooler moments will, we feel certain, admit.

To publish the scandalous matter would benefit no one, and to leave the briefs on the files of this court would be a disgrace to the court, therefore the motion to strike them from the files is sustained.

What has already been said makes it unnecessary to refer to appellant's cross-motion.

Appellant having failed to file any proper briefs in the case, the judgment of the City Court of Alton is affirmed, under rule 28 of this court.