466    SUPREME COURT OF INDIANA,

Pittsburgh, etc., R. Co. *v.* Muncie, etc., Traction Co.—166 Ind. 466.

## PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* MUNCIE & PORTLAND TRACTION COMPANY.

[No. 20,727.   Filed May 15, 1906.]

1.  COURTS.—*Officers.*—*Attorneys.*—Attorneys are officers of the court, and it is their duty to uphold its dignity and usefulness. p. 467.

2.  APPEAL AND ERROR.—*Briefs.*—*Striking From Files Because of Scandalous Matters.*—A brief, on appeal, which abounds in scandalous matter, consisting of vituperation and scurrilous insinuations in reference to the action of the Supreme and trial courts and the attorneys for the opposite party, will be stricken from the files.   Jordan, J., concurs, but holds that such action requires a citation for contempt.   p. 467.

From Jay Circuit Court; *John J. La Follette,* Judge.

Suit by the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company against the Muncie & Portland Traction Company.   From a decree for defendant on its cross-complaint, plaintiff appeals.   On motion to strike appellant's brief from the files.   *Motion sustained.*

*George E. Ross,* for appellant.
*Frank H. Snyder,* for appellee.

PER CURIAM.—Appellant filed its complaint to enjoin appellee from constructing a grade crossing over appellant's railway in the town of Red Key.   Appellee filed its cross-complaint to enjoin appellant from interfering with its construction of said crossing.   Upon the trial the court found for appellee on its cross-complaint, and granted an injunction in accordance with the prayer thereof.   Appellant appealed, and in this court applied for a temporary restraining order, which was denied, because not deemed necessary fully to preserve the jurisdiction of this court.

Before filing its brief, to wit, on April 9, 1906, appellee, upon notice to appellant April 2, 1906, directed our atten-

tion to what is termed the improper character of the brief filed by appellant in support of its appeal.

It is always a source of regret to be called upon to review the professional conduct of a member of the bar, and more especially when it involves an alleged reflection upon the honor and integrity of this and the trial court. Members of the bar are officers of the court. They are its assistants in the administration of justice, and so intimately related to our judiciary system, and so much a part of it, that thoughtful and self-respecting attorneys seldom allow themselves, however much they may feel aggrieved, to make public expression, in argument or otherwise, derogatory to the rectitude or good intentions of the bench. Invective or scandalous innuendo that tends to degrade a court, or impair its respectability and usefulness, is a matter of such gravity as to impose upon the judge the inexorable obligation to take such steps as may appear necessary to preserve its dignity and good name, even to the expulsion of the offender from practicing before it.

The counsel whose name is appended to appellant's brief, evidently in a mood of irritation, arising from disappointment in the result of the trial, permitted himself to write, print and file as his brief and argument paragraphs and sentences so sharply reflecting upon the rectitude of purpose of this and the trial court and counsel for appellee as to call for a distinct expression of our disapproval.

Following is one of the objectionable passages: "But the court, instead of granting appellant relief, has concluded and decreed that the operation of appellant's railway is subservient to the rights of appellee, and that appellee may tear up and destroy its railway, and obstruct and prevent appellant's operation thereof, and appellant is enjoined from interfering with whatever appellee may do,

or desire to do.  A more outrageous decree never disgraced the record of any court."

A brief of 142 printed pages abounds in kindred passages.  Such statements are as foolish as they are mischievous.  Counsel has need of learning the ethics of his profession anew, if he believes that vituperation and scurrilous insinuations are useful to him or his client in presenting his case.  The mind, conscious of its own integrity, does not respond readily to the goad of insolent, offensive and impertinent language.  It must be made plain that the purpose of a brief is to present to the court in concise form the points and questions in controversy, and by fair argument on the facts and law of the case to assist the court in arriving at a just and proper conclusion.  A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel.  Invectives are not argument, and have no place in legal discussion, but tend only to produce prejudice and discord.  The language referred to is offensive, impertinent and scandalous.  There is nothing in the record to warrant or excuse it.  As a brief we cannot recognize it as a paper or part of the case, and it is our duty to protect the files of this court from becoming the permanent receptacle of such an unworthy document. For illustrative cases, see *Redman* v. *State* (1867), 28 Ind. 205, 212; *Green* v. *Elbert* (1891), 137 U. S. 615, 624, 11 Sup. Ct. 188, 34 L. Ed. 792; *San Diego Water Co.* v. *City of San Diego* (1897), 117 Cal. 556, 49 Pac. 582; *Sawdey* v. *Spokane Falls, etc., R. Co.* (1902), 27 Wash. 536, 67 Pac. 1094; *Stoll* v. *Pearl* (1904), 122 Wis. 619, 628, 99 N. W. 906, 100 N. W. 1054; *Nephi Irrigation Co.* v. *Vickers* (1899), 20 Utah 310, 58 Pac. 836; *Alton Nat. Bank* v. *Beggs* (1903), 108 Ill. App. 672; *Brownell* v. *McCormick* (1887), 7 Mont. 12, 14 Pac. 651; *State, ex rel.,* v. *Call* (1899), 41 Fla. 450, 26 South.

1016; *Tomlinson* v. *Territory* (1893), 7 N. M. 195, 214, 33 Pac. 950; *Schleissner* v. *Schleissner* (1902), 76 N. Y. Supp. 577; *State, ex rel.,* v. *Kennedy* (1900), 60 Neb. 300, 309, 83 N. W. 87; *Kelley* v. *Boettcher* (1897), 82 Fed. 794, 27 C. C. A. 177.

It is ordered that appellant's brief filed in this court December 19, 1905, be, and the same is, stricken off.

## CONCURRING OPINION.

JORDAN, J.—While I fully concur in the opinion of the court in the matter herein, nevertheless, striking the brief of attorney's client from the files in its effect operates more to punish the client than the attorney. In my opinion the offender should be required to purge himself of contempt.

This is not the first time that the attorney in question, in his brief filed in this court in cases in which the railroad company which he represents was a party, has expressed himself in a contemptuous manner, and both he and said company should now be admonished that a repetition in the future of a like offense will be dealt with as it deserves.