STATE v. A. M. JOYCE.

84 N. W. (2d) 893.

August 16, 1957—No. 37,095.

*James R. Bennett,* for appellant.

*Miles Lord,* Attorney General, *Robert W. Garrity,* Deputy Attorney General, *John R. Murphy,* Assistant Attorney General, and *W. D. Prindle, Jr.,* County Attorney, for respondent.

PER CURIAM.

This is an appeal from a judgment of the District Court of Chippewa County by which the defendant was found to have defaulted in an appeal to the district court from a conviction for a misdemeanor in the municipal court of the city of Montevideo. The judgment of the district court imposed a fine of $35 and costs or a sentence of not to exceed 60 days in the county jail.

On September 6, 1955, a complaint was filed in the municipal court of the city of Montevideo charging the defendant with intent to defraud by color and aid of a certain check for payment of money. It is alleged that on December 31, 1954, A. M. Joyce gave a check payable to cash in the sum of $20 drawn on the Stock Yards National Bank to one Alvin C. Peterson; that he received merchandise therefor; that the defendant Joyce knew that there were no funds in the bank to meet payment thereof; that he thereby induced Peterson to cash the check and turn over to him merchandise "thereby appropriating to his own use and stealing the said merchandise hereinbefore referred to, then and there the property of the said Alvin C. Peterson." After

trial by jury, verdict was returned April 20, 1956, finding the defendant guilty. On the same day he was sentenced to pay a fine of $35 and $71.56 costs. He initiated an appeal to the district court and on April 26, 1956, filed a bond in the sum of $200 by which he undertook to appear before the district court on the first day of the next general term to be held in Chippewa County on June 4, 1956, and to answer the said charges.

On June 4, 1956, the defendant filed a motion to dismiss with the clerk of the district court. The grounds of the motion were that the complaint did not state a cause of action. The district court treated this as a demurrer and disallowed it. The defendant was not present in court on that date nor was he represented through counsel. The court, upon motion of the county attorney, defaulted the defendant's bail and ordered that process be issued for his arrest on the ground that he had not appeared to prosecute his appeal.

The defendant contends the judgment of the district court must be reversed and a new trial granted because (1) the complaint did not state a public offense, (2) that the district court did not have jurisdiction, and (3) that the district court did not have authority to withdraw a plea of not guilty entered upon its own motion. He also assigns a great number of errors which were allegedly committed by the municipal court. Since an appeal on questions of law and fact from a conviction in a justice or municipal court is "tried in the same manner as if commenced in the district court," as provided by M. S. A. 633.22, without regard to what took place in the lower court, it is not necessary to consider these complaints.

■ The only argument advanced by the defendant in support of his claim that the complaint does not state a public offense is that the word "feloniously" was included in the original complaint. The complaint charges a misdemeanor under §§ 622.03 and 622.07. The word "feloniously" was stricken from the complaint in municipal court and was deleted from the complaint upon which the defendant was arraigned in district court. In any event, the inclusion of the word "feloniously" in a complaint which otherwise states a misdemeanor or offense is mere surplusage which may be disregarded. State v. Crummey, 17 Minn. 50 (72). We are satisfied from an examination of the com-

plaint that it states a public offense.

■ The defendant asserts numerous errors alleged to have occurred during the trial in municipal court. He claims the court was illegally constituted; that it was without jurisdiction; that he was neither arraigned nor tried as required by law; that there was no clerk of the municipal court; and that the appeal was not properly certified. Other assertions are made which are of a slanderous nature. The brief is replete with derogatory charges against the municipal court, all of which are unsubstantiated either in the record or by affidavit. No authority is submitted to support the defendant's arguments. When this matter was heard in the supreme court, the defendant did not appear either in person or by counsel to argue the merits of these alleged errors. They are accordingly disregarded.[1]

■ As we have heretofore indicated, the defendant failed to appear at the opening day of the term on June 4, 1956, to prosecute his appeal pursuant to the terms of his bond. Accordingly, the defendant was in default and his bond was declared forfeited. At that point the trial court was empowered by § 633.24 to "award sentence against him for the offense whereof he was convicted, in like manner as if the conviction had been in that [the district] court; * * *."

On June 6, after a bench warrant was issued, the defendant was brought before the court in custody of the sheriff at which time a plea of not guilty was noted by the court. After protracted proceedings during which the defendant refused to state whether his plea was guilty or not guilty and during which he insisted that he was "really not appearing at all" or that he was appearing "specially," the court determined that the defendant was in default by reason of the fact that he failed to prosecute his appeal as required by § 633.24. He accordingly vacated the plea of not guilty and imposed sentence.

The principal error which we have to consider grows out of the state

---

[1]A brief cannot be used as a "vehicle for the conveyance of hatred, contempt, insult, disrespect or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel." Pittsburgh, C. C. & St. L. Ry. Co. v. Muncie & Portland Traction Co. 166 Ind. 466, 468, 77 N. E. 941, 942. See, Anderson v. Federal Cartridge Corp. (8 Cir.) 156 F. (2d) 681; Canon 1, Canons of Professional Ethics, American Bar Association.

of facts just related. The defendant contends that the court erred in vacating the plea of not guilty and in entering judgment of conviction. The question may arise as to whether or not this procedure is violative of due process and contrary to § 633.22, as interpreted by State v. Prickett, 217 Minn. 629, 631, 15 N.W. (2d) 95, 96. That case clearly sets forth the basic principles of law relating to trials in the district court of criminal appeals from a justice court.[2] It points out that, where a complaint or information is filed in the district court and the defendant has been taken into custody on a warrant, the first step is arraignment and plea; that the defendant is entitled to plead not guilty or he may stand mute and a plea of not guilty will be entered for him, after which the state has the burden of proving the charge made against him. In that case the district court was reversed for denying the defendant a trial de novo where he had entered a plea of guilty in justice court. There had been no trial in the justice court and the defendant sought to have the case tried on its merits on appeal to the district court.

In the case before us the defendant Joyce was convicted by a jury in the municipal court and there was no denial to him of a trial de novo in the district court. The trial judge advised him repeatedly to get a lawyer and prepare for trial. Under the circumstances here the state contends that the failure of the defendant to prosecute his appeal empowered the court to enter judgment of sentence under § 633.24.[3]

To be entitled to a trial de novo in district court, as authorized by § 633.22, the defendant must "enter and prosecute his appeal" as provided by § 633.24. The defendant here complied with the jurisdictional requirements by serving his notice in time and entering into a recognizance with sufficient surety properly approved and "conditioned to appear before the district court on the first day of the general term."

---

[2]Section 488.25 provides that the same procedures relating to appeals from justice court shall apply on appeals from municipal court, except the municipal courts of Minneapolis, St. Paul, and Duluth.

[3]Section 633.24 provides:

"If the appellant fails to enter and prosecute his appeal, he shall be defaulted on his recognizance, and the district court may award sentence against him for the offense whereof he was convicted, in like manner as if the conviction had been in that court; and, if he is not then in custody, process may be issued to bring him into court to receive sentence."

§ 633.20. On the opening day of the term, however, he failed to appear and he attempted an evasive appearance by the novel device of filing with the clerk of court a paper which he referred to as a special written appearance. His first appearance on June 6, 1956, was involuntary, pursuant to a bench warrant. After he was brought into court by the sheriff he pursued a course of harassment and delay. When asked by the court whether he would be represented by counsel, he said: "Well I am really not appearing at all." He thereafter took considerable of the court's time in arguing that he had filed an affidavit of prejudice. It appeared that he had filed such an affidavit in a civil case in which he was involved. He insisted that that affidavit be made a part of the records in a criminal matter. He was advised that if he wished he could file a separate affidavit of prejudice. He was reminded that he had been apprehended on a bench warrant; that he failed to comply with the undertakings of his recognizance; and that as a former practicing lawyer he should be aware of his responsibility to expedite the disposition of his case.

At a later appearance on June 6 he stated to the court: "* * * I feel I have prosecuted the appeal, and I feel I have made an appearance, and I think I better just get a lawyer and turn it over to him and let him work it out, because I am pretty busy on the farm, and I'll just turn it over to him." And then after some discussion he stated: "There is no point in delaying the arraignment, and I can't hardly afford to be back down here again tomorrow morning. I'm very busy on the farm." Thereafter the complaint was read to him and he was asked if he was ready to enter his plea. He was given until 1:30 p. m. the following day, June 7, to either plead or demur. He was also informed that he had a right to counsel. After taking more of the court's time in making technical objections to the complaint, the matter was continued until June 7 at 2 p. m. At the latter time he appeared and said: "The defendant upon his arraignment appears specially and renews the special appearance and motion and showing that he filed upon the opening day of the term, and demurs to the Complaint upon the grounds that it does not state a public offense." This motion was denied. When asked what his plea was, whether guilty or not guilty, he said: "I have nothing further to say. I rely upon my special appearance, and therefore will

not plead." The court then instructed the clerk to enter a plea of not guilty, after which he said to the defendant: "* * * Mr. Joyce, you indicated yesterday that you'd be ready for trial next Monday." The defendant answered: "I don't know whether I did or not, but I'm not going to indicate anything."

At the request of the defendant the matter was continued to June 12, 1956, at 9:30 a.m. On the latter date the defendant appeared without an attorney and when the case was called for trial he filed a motion for continuance for the following reasons:

"1. An affidavit of prejudice has heretofore been filed against the present presiding judge.

"2. The court presently has no jurisdiction because the case and file are before the Supreme Court for review. It is undue hardship and harassment and contrary to law to compel defendant to press an appeal in Supreme Court and at the same time defend in the District Court. That review of the issues presently before the Supreme Court will determine important issues involved here and may obviate a trial.

"3. That defendant has no attorney at law to defend him.

"4. Defendant believes and so states that the county attorney is rigging the jury in this case as he did in 'Municipal court'.

"5. That most of the defendant's records and files are impounded by the Supreme Court of Minnesota and the rest of them are in storage and it is impossible for defendant to prepare for trial at this time."

The defendant's grounds for a continuance are frivolous and scandalous. No affidavit of prejudice was filed in this action. The motion attempts to confuse the criminal action with an unrelated civil suit. The defendant was not only himself a former lawyer, but he informed the court he would secure his own counsel. It was apparent to the trial court from the motion for continuance that the defendant did not intend to prosecute his appeal in the criminal case but was apparently trying by dilatory tactics to evade the issue in the criminal case. Perhaps one reason for so doing was that it might have some possible bearing upon a civil action, the nature of which is not clear and which in any event involves issues foreign to this action.

From the foregoing it is apparent that the defendant was given

every opportunity to reinstate his appeal so that he could have the matter retried in the district court. Instead of taking advantage of the opportunity given by the court to prosecute his appeal, he insisted upon delaying and harassing the court to the point where he was attempting to make a travesty of procedure permitted for retrial of a conviction in a municipal court.

We are satisfied that on the record the defendant was in default by failing to prosecute the appeal. It was necessary to issue process to enforce his appearance. After he was forced to appear in court he insisted that he was appearing "specially." It was apparent that if his default had been fully waived and the appeal reinstated, a jury trial could not have been had without the necessity of committing the defendant to the custody of the sheriff in order to insure his presence in court.

We do not think that this holding conflicts with our decision in the Prickett case. It is not correct to assume from the language used in that case that an appeal from a conviction before a justice of the peace or from the municipal court requires a trial de novo in the sense that the defendant may prosecute his appeal, as required by § 633.24, and at the same time evade the issue involved to the point where he has to be forced to trial, so that the state may present its evidence against him a second time. It cannot be said that an appearance under compulsion of process constitutes an appearance to prosecute the appeal.

The defendant argues that, while the court may have had authority to issue its order for sentence in the first instance, it should be estopped from withdrawing the plea of not guilty without giving notice to the parties. The fact that the trial court noted a plea of not guilty, pending a decision by the defendant as to the plea he intended to enter, did not excuse the defendant from his default. He cannot contend that he was prejudiced by the fact that the court vacated the plea of not guilty. Until the moment of sentence he had every opportunity to enter the plea himself. The court deferred imposition of sentence from the 7th to the 12th of June in order to give him an opportunity to assert his innocence and prepare for trial but he refused to do either. After the motion to impose sentence was made by the county attorney the record indicates that the court summarized the proceedings and concluded:

"Now, if the defendant refuses to enter a plea, the Court * * * will have to proceed at this time, Mr. Joyce, to impose sentence.

"The Defendant: Mr. Joyce appeared specially in this matter from the very beginning, and still appears in this special appearance.

"The Court: * * * are you willing to enter a plea of guilty or not guilty at this time?

"The Defendant: I'll stand on the record as it is now made.

"The Court: * * * the Court will impose sentence."

The record fully shows that the defendant failed to prosecute his appeal in the district court as provided by § 633.24, and that the trial court properly awarded sentence against him.

Affirmed.