Joyce CLARK, Appellant–Respondent,

v.

Ronald CLARK, Appellee–Petitioner.

No. 49A04–9008–CV–403.

Court of Appeals of Indiana,
Fourth District.

Sept. 25, 1991.

Maxine T. Bennett, Rucker, Bennett & Kertis, Indianapolis, for appellant-respondent.

Richard A. Clem, Alden & Clem, Indianapolis, for appellee-petitioner.

CONOVER, Judge.

Respondent–Appellant Joyce Clark (wife) appeals the Marion Superior Court, Civil Division, Room II's, amended judgment dividing property in a dissolution of marriage action filed by Petitioner–Appellee Ronald Clark (husband).

We affirm.

This appeal presents the following restated issues:

whether the trial court abused its discretion by

(a) not recognizing husband's dissipation of assets prior to the final decree,

(b) erroneously valuing a business,

(c) not penalizing husband for hiding a bank account,

(d) failing to consider disparity of incomes of the parties,

(e) failing to award wife adequate attorney fees and expenses, and

(f) failing to consider husband's fault when awarding attorney fees and expenses.

Husband and wife were married for 20–odd years. Then husband petitioned to dissolve the marriage. Their 4 children were all emancipated at the time the final decree was entered. At that time, husband was working at Naval Avionics in Indianapolis, and wife was a nurse employed by a local hospital.

During the course of the proceedings the parties filed schedules of their assets. They had been appraised by experts who also testified during a lengthy hearing before the trial court. Additionally, the parties had agreed upon disposition of certain property prior to the hearing.

After the hearing concluded, the trial court divided the assets by awarding a small unencumbered farm to wife, a lake cottage with an outstanding contract balance to husband, selected personal property to both, and a qualified 50% interest in husband's government pension to wife when husband retired and began receiving it. The net result was the trial court awarded property valued at $120,383.44 to husband and property valued at $159,392 to wife. Husband then filed a motion to correct errors and another hearing was had.

After that hearing, the trial court amended its previous division of property so that property valued at $137,943 went to husband and $137,478 went to wife. The court had determined its original worksheet contained a mathematical error which resulted in the original disparity in its prior order. To correct it, the trial court amended its prior division of property by awarding husband his government pension in total, declaring wife would have no rights or interest in it when husband retired. In its order granting the motion to correct errors the trial court found

. . . . .

6. This Court's original Findings and Decree however, made no findings that would justify an unequal division of marital assets because Respondent failed to show by a preponderance of the evidence that dissipation of marital assets occurred and the Court specifically now so finds.

7. The Court also finds that there is no evidence in the record of this cause which is sufficient to overcome the statutory presumption of an equal division of marital property. . . .

(R. 366).

Wife appeals.

We first believe it necessary to discuss appellant counsel's use of intemperate language in appellant's brief regarding the trial judge's motives and reasons for amending the judgment below. However, we will not give such language dignity by repeating it here.

For the use of impertinent, intemperate, scandalous, or vituperative language in briefs on appeal impugning or disparaging this court, the trial court, or opposing counsel, we have the plenary power to order a brief stricken from our files and to affirm the trial court without further ado. *White v. Sloss* (1964), 245 Ind. 289, 198 N.E.2d 219, 220; *Pittsburg, etc. R. Co. v. Muncie & P. Traction Co.* (1906), 166 Ind. 466, 77 N.E. 941, 942. While the reasons should be obvious to anyone learned in the law, we believe it necessary to spell them out in this case. Thus, we quote *Muncie & P. Traction* at length:

Such statements are as foolish as they are mischievous. Counsel has need of learning the ethics of [her] profession anew, if [she] believes that vituperation and scurrilous insinuation are useful to [her] or [her] client in presenting [her] case. The mind, conscious of its own integrity, does not respond readily to the goad of insolent, offensive, and imperti-

nent language. It must be made plain that the purpose of a brief is to present to the court in concise form the points and questions in controversy, and by fair argument on the facts and law of the case to assist the court in arriving at a just and proper conclusion. A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect, or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel. Invectives are not argument, and have no place in legal discussion, but tend only to produce prejudice and discord. The language referred to is offensive, impertinent, and scandalous. There is nothing in the record to warrant or excuse it....

*Muncie & P. Traction, Id.* However, striking the brief and summarily affirming the trial court is an extreme measure which would deny the perpetrator's client her day in this court. In this case we deem such action undue punishment for her counsel's unprofessional conduct. Therefore, we will disregard the objectionable language and consider this appeal on its merits. We now turn to the issues in this appeal.

The determination of a just and reasonable disposition of property in a dissolution proceeding is left to the sound discretion of the trial court, and will not be reversed on appeal unless that discretion is abused. *Porter v. Porter* (1988), Ind.App., 526 N.E.2d 219, 222, *reh. denied, trans. denied.* An abuse of discretion occurs only if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions which may be drawn from the facts and circumstances. *Dahnke v. Dahnke* (1989), Ind.App., 535 N.E.2d 172, 174, *reh. denied.*

Additionally regarding property division, IND.CODE 31-1-11.5-11 provides, in relevant part

. . . . .

(c) *The court shall presume that an equal division of the marital property between the parties is just and reasonable.* However, *this presumption may be rebutted* by a party who presents *relevant evidence,* including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in that residence for such periods as the court may deem just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties. (Emphasis supplied).

Wife advocated an unequal division of the marital property at trial. She had the burden of proving by a preponderance of the evidence such a division was required by the facts and circumstances of the case to overcome the statutory presumption an equal division of property was just and reasonable. Thus, wife is appealing a negative judgment.

A negative judgment will be reversed only if it is contrary to law. *Stanray Corp. v. Horizon Constr., et al.* (1976), 168 Ind.App. 164, 175-176, 342 N.E.2d 645, 652. In determining whether a negative judgment is contrary to law, this court will not reweigh the evidence or reassess the credibility of witnesses. *Grueninger Travel Serv. v. Lake County Trust Co.* (1980), Ind.App., 413 N.E.2d 1034, 1038. We will reverse only if the evidence viewed most favorably to the trial court leads uncontrovertibly to a conclusion contrary to the one reached below. *Matter of Estate of Edington* (1986), Ind.App., 489 N.E.2d

612. A negative judgment must be affirmed on appeal if it is sustainable on any legal theory. *State Farm Ins. Co. v. Flynn* (1988), Ind.App., 531 N.E.2d 527, 528. We may reverse only if the uncontradicted evidence supports no reasonable inference in favor of the decision or if our review of the record leaves us with a definite and firm conviction a mistake has been made. *Clark v. Griffin* (1985), Ind.App., 481 N.E.2d 170, 172.

█ Wife first claims the trial court failed to give due consideration to husband's dissipation of the assets of Quanta Labs, Inc., a business he ran on the side, during the pendency of the action. Husband testified it seemed pointless to him to continue working that business because it was just too much work, developing prototypes was very expensive, and it was not generating enough profit. (R. 465–66). Further, wife's Exhibit J, a multi-page document showing basically every check written by the corporation from January, 1984, through August, 1986, (R. 492) and husband's Exhibit 13, a two page document showing all checks written by the corporation from January 2, 1988, through December 30, 1988, gave the trial court a complete picture of corporate expenditures while the parties were separated pending final hearing. The trial court's findings of fact numbered 38 through 43 concerned Quanta Labs, Inc. They found (a) the business was a marital asset, (b) valued it as of the date the dissolution action was filed, (c) it had expended funds for business expenses after the court's dissolution order was entered, (d) owned a patent, and (e) found the business assets should be sold and the proceeds, including its remaining $6,000 bank account, should be split equally between husband and wife. The evidence further demonstrated wife just prior to the action's filing closed various bank and savings accounts, depositing them in her own name, and husband expended funds from other accounts while the petition for dissolution was pending. We cannot say under this state of the evidence the trial court abused its discretion regarding the business, or in failing to find husband had dissipated assets.

Each side hired appraisers who qualified as experts and testified at trial, all giving their opinions as to the value of the various items of property at issue at the hearing. The parties also testified regarding the value of various properties. The trial court's exhaustive findings and order regarding property division demonstrate the values it adopted were within the parameters of value testified to at trial, including the value of the business. The trial court did not abuse its discretion in this regard.

Next, wife claims the trial court did not give due consideration to the disparity in incomes of the parties at the conclusion of the proceedings, pointing specifically to the value of the farm house which she received and the lake property awarded to husband. However, as husband points out, any disparity in their post-dissolution incomes is offset by the $700 per month payment husband must make each month to retire the remaining contract balance on the lake property, rendering their net incomes almost equal for the remaining life of that real estate contract. Wife's additional argument the court ignored the fact three of the adult children and one grandchild were living at the farm property and the court did not require husband to contribute to their support is wholly without merit. All are emancipated so husband has no obligation to support them. We find no abuse of discretion in all of the above.

█ Nor do we find such abuse in the court's award of attorney fees and trial expenses. It did so within its discretion and in conformity with IC 31–1–11.5–16. The trial court has broad discretion in this area, even to the point of awarding no attorney fees, if appropriate under the circumstances. *Rump v. Rump* (1988), Ind. App., 526 N.E.2d 1045, 1047.

Wife also argues when it awarded attorney fees and litigation expenses, the trial court failed to consider that husband had taken another woman, that wife had not wanted the separation, and that it was solely husband's idea. Wife is wrong. The court may not consider such matters when

dividing property in a dissolution of marriage action.

Prior to 1971, a divorce could be granted only for "cause", that is, there had to have been a guilty party and an injured party before a marriage could be terminated. *Alexander v. Alexander* (1894), 140 Ind. 555, 38 N.E. 855, 855–56. The grounds for divorce ranged in degree from adultery to incompatibility, and divorces were not to be granted for trivial or inconsequential reasons because of the inherent value of maintaining the marital relationship. *Welling v. Welling* (1969), 144 Ind.App. 182, 245 N.E.2d 173, 177, *cert. den'd.*, 396 U.S. 929, 90 S.Ct. 266, 24 L.Ed.2d 227. However, in 1971, the legislature enacted the current dissolution of marriage act, sometimes known as the No–Fault Divorce Act. Under its provisions, a court must grant a dissolution of marriage once an irretrievable breakdown in the marriage is found to exist. *Persinger v. Persinger* (1987), Ind. App., 531 N.E.2d 502, 505; *Abney v. Abney* (1979), 176 Ind.App. 22, 374 N.E.2d 264, 270, *cert. denied*, 439 U.S. 1069, 99 S.Ct. 836, 59 L.Ed.2d 34. Thus, even if these allegations were true, they cannot affect the disposition of property in the action because the trial court would abuse its discretion by even considering such factors. The only ones to be considered are set out in IC 31–1–11.5–11, and it does not provide for factoring in any pre- or post-petition conduct of either party. No-fault means no-fault.

We believe the trial court exercised the wisdom of Solomon in dividing the property of this marriage almost precisely down the middle.

Affirmed.

RATLIFF, C.J., and CHEZEM, J., concur.