PETITIONER APPEARING PRO SE:
**OVIDIU CICEU**
Vincennes, IN

ATTORNEYS FOR RESPONDENT:
**SARAH L. SCHREIBER**
**HANNAH L. ALDERKS**
HALLERCOLVIN PC
Fort Wayne, IN

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| OVIDIU CICEU, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 23T-TA-00023 |
| | ) |
| KNOX COUNTY ASSESSOR, | ) |
| | ) |
| Respondent. | ) |

FILED
Apr 12 2024, 3:32 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ON APPEAL FROM A FINAL DETERMINATION OF
THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**April 12, 2024**

MCADAM, J.

Ovidiu Ciceu has challenged the final determination of the Indiana Board of Tax Review (the "Indiana Board") valuing his residence in Vincennes, Indiana, for the 2022 assessment date. Ciceu describes two claims in his petition for review. He first claims that the Indiana Board erred in determining his property's assessed value. He then contends that the Indiana Board failed to address his claim that he never received a Form 11 notice for his 2021 assessment.[1] The Court holds that Ciceu has waived both

---

[1] The Notice of Land and Improvements, Form 11, is a written notification of an assessment that

claims by failing to adequately brief and support them with cogent legal argument. Accordingly, the Court affirms the Indiana Board's final determination.

## FACTS AND PROCEDURAL HISTORY

Ciceu owns a two-story residence located in Vincennes, Indiana. In 2022, the Knox County Assessor (the "Assessor") assigned Ciceu's property an assessed value of $124,900.

Ciceu appealed the 2022 assessment to the Knox County Property Tax Assessment Board of Appeals (the "PTABOA"). As part of the PTABOA proceeding, a field representative from the Assessor's office, a member of the PTABOA, and Ciceu conducted a field visit of Ciceu's home. Following the visit, the PTABOA increased Ciceu's 2022 assessment to $137,100 to reflect various adjustments, such as the home's grade, attic size, the lack of central heating and cooling, and the presence of two features, an attached garage and open masonry porch, that had not been included previously.

Ciceu then appealed to the Indiana Board. The Indiana Board applied the burden-shifting rule in Indiana Code § 6-1.1-15-20(b) as Ciceu's assessment had increased by more than 5% from 2021 to 2022. Finding the record evidence inadequate to establish the market value-in-use of his property, the Indiana Board reverted Ciceu's 2022 assessment to his 2021 assessment of $111,000, pursuant to Indiana Code § 6-1.1-15-20(f). The Indiana Board did not address Ciceu's claim regarding the Form 11

---

assessing officials send to taxpayers. *See* IND. CODE § 6-1.1-4-22 (2022); REAL PROPERTY ASSESSMENT GUIDELINES FOR 2021 (incorporated by reference at 50 IND. ADMIN. CODE 2.4-1-2 (2021)), Glossary at 3 (defining "assessment notice"). It provides the assessed value of the taxpayer's property and indicates the taxpayer has the right to appeal, should they disagree with the assessment. *See* I.C. § 6-1.1-4-22.

notice for 2021 but did determine that Ciceu received a Form 11 notice for 2022.

On September 28, 2023, Ciceu initiated this original tax appeal by filing a petition for review briefly summarizing his claims. However, he failed to file an opening brief by the deadline specified in Tax Court Rule 3(G) and did not attempt to file one belatedly. The Assessor filed a response brief on January 5, 2024, and Ciceu filed a reply brief on January 23, 2024.[2] The Court subsequently took the case under advisement.

## STANDARD OF REVIEW

This Court's review of Indiana Board decisions is governed by Indiana Code § 33-26-6-6, the provisions of which closely mirror those controlling judicial review of administrative decisions governed by Indiana's Administrative Orders and Procedures Act ("AOPA"). *Compare* IND. CODE § 33-26-6-6(e) (2024) *with* IND. CODE § 4-21.5-5-14(d) (2024). Under Indiana Code § 33-26-6-6, the party seeking to overturn a final determination of the Indiana Board bears the burden of demonstrating its invalidity. I.C. § 33-26-6-6(b). The challenger must demonstrate that he has been prejudiced by a final determination of the Indiana Board that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence. I.C. § 33-26-6-6(e).

## DISCUSSION

As an initial matter, the Court notes that Ciceu has chosen to represent himself. It

---

[2] The Assessor's response brief specifically incorporated the arguments he made in a separately filed motion to dismiss. Much of Ciceu's reply brief is dedicated to addressing those arguments.

is settled law that self-represented litigants "are held to the same legal standards as licensed attorneys." *Dridi v. Cole Kline, LLC*, 172 N.E.3d 361, 364 (Ind. Ct. App. 2021) (citation omitted). This means that Ciceu must adhere to "the established rules of procedure and [] be prepared to accept the consequences of [] fail[ing] to do so." *See id.* (citation omitted). "These consequences include waiver for failure to present cogent arguments on appeal." *Id*. (citation omitted).

While filing a petition for review is enough to initiate an appeal, it is not the only procedural step in the process required to present the case for review. The submission of a brief is equally important, as it outlines the taxpayer's legal basis for the appeal, presenting arguments about how the Indiana Board erred in its application or interpretation of the law. *Cf., e.g.*, Indiana Appellate Rule 46(A)(8)(a) (Arguments in a brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning" and "be supported by citations to the authorities, statutes, and [the parts of the record relied on]."). This document plays a pivotal role in the proceedings by "present[ing] to the court in concise form the points and questions in controversy[] and[ ] fair argument on the facts and law of the case to assist the court in arriving at a just and proper conclusion." *Pitman v. Pitman*, 717 N.E.2d 627, 634 (Ind. Ct. App. 1999) (quoting *Pittsburgh, C.,C. & St. L.R. Co. v. Muncie & P. Traction Co.*, 77 N.E. 941, 942 (Ind. 1906)). The brief is important not only to the Court but also to the opposing party, guiding the scope of the response and any counterarguments.

Despite the critical role a petitioner's brief plays in delineating the legal and factual basis of an appeal, Ciceu failed to file an opening brief advancing the merits of his claims as required by Tax Court Rule 3(G). He did not offer any justification for his

4

lapse or otherwise attempt to correct the omission, and his reply brief offers little elaboration of his claims. While his petition for review is sufficient to put a reasonable person on notice of his claims, it does not provide the Court with any substantive argument regarding the application of the facts to the controlling law. The Tax Court's briefing rules aim to streamline the review process and "relieve the appellate court of the burden of searching the record and briefing the case." *Dridi*, 172 N.E.3d at 364. *See also* Ind. Tax Court Rules 1, 3(G); *Paulson v. Centier Bank*, 704 N.E.2d 482, 486 n.2 (Ind. Ct. App. 1998) ("A brief should not only present the issues to be decided, but it should also be of material assistance to [a] court in deciding those issues") (citation omitted), *trans. denied*.

The lack of a brief has compromised the quality of the adversarial process, leaving the Assessor unable to effectively respond and the Court unable to evaluate Ciceu's claims. Under these circumstances, proceeding to address Ciceu's claims would require the Court to abandon its role as an impartial adjudicator, making it an advocate for one of the parties. This is a role that the Court cannot assume. Consequently, Ciceu has waived his right to this Court's review of his claims. *See, e.g.*, *Abraytis v. Porter Cnty. Assessor*, 220 N.E.3d 77, 81-82 (Ind. Tax Ct. 2023) (concluding that taxpayer waived review of her assessment challenges by failing to provide cogent legal argument). The significant departure from standard procedural practice prevents Ciceu from satisfying his burden to show that the Indiana Board's determination was erroneous. *See, e.g.*, *Snyder v. Labor Comm'n*, 405 P.3d 984, 988 (Utah Ct. App. 2017) ("[A] party that fails to adequately brief an issue will almost certainly fail to carry [his] burden of persuasion on appeal") (citation and internal quotation marks omitted).

## The Form 11 Claim for 2021

Ciceu raises one claim that, although waived for the reasons stated above, merits additional discussion because, while the error it points to is readily apparent, it is harmless for reasons that are not. In his petition for review, Ciceu asserts that the Indiana Board failed to address his claim that the Assessor never provided the Form 11 notice for 2021 (the "2021 Form 11 claim"). (*See* Pet'r Pet. ¶ 4.) A cursory review of the record confirms that Ciceu consistently asserted this claim throughout the administrative proceedings and that the Indiana Board misinterpreted it as relating to notice for 2022.[3]

On its face, this error might appear to merit reversal and remand as it is apparent that the claim was not addressed below. However, more is required. Ciceu must show not only that the Indiana Board erred but also that that error prejudiced him in some way. *See* I.C. § 33-26-6-6(e) (limiting the Court's authority to overturn an Indiana Board decision to those instances where the person seeking relief "has been *prejudiced* by an action of the [Indiana Board]") (emphasis added). This prejudice standard has typically been understood as a question of harmless error in reviewing administrative decisions. *See Berzins v. Rev. Bd. of Indiana Emp. Sec. Div.*, 439 N.E.2d 1121, 1127 (Ind. 1982) (providing that the harmless error doctrine applies to the judicial review of administrative determinations); *Parker v. Indiana State Fair Bd.*, 992 N.E.2d 969, 978 (Ind. Ct. App. 2013) (indicating that the prejudice requirement under AOPA's judicial review statute implicates the harmless error doctrine). *See also Shinseki v. Sanders*, 556 U.S. 396,

---

[3] Both parties presented evidence regarding the underlying factual dispute – whether Ciceu did in fact receive a Form 11 notice. Ciceu claimed that he did not receive the Form 11 notice in 2021, and the Assessor testified that a Form 11 was sent to Ciceu every year from 2019 to 2023. The Indiana Board found that Ciceu did receive a Form 11 notice in 2022 but did not mention anything regarding 2021 in its final determination. This appears to be an inadvertent omission.

406 (2009) (equating the "prejudicial error" standard in federal administrative review statutes with the normal "harmless error" standard). As a general rule, an error is harmless if it would not have altered the outcome of the case. *See Brothers of Holy Cross, Inc. v. St. Joseph Cnty. Prop. Tax Assessment Bd. of Appeals*, 878 N.E.2d 548, 553 n.7 (Ind. Tax Ct. 2007) (finding harmless an error that "would not alter the outcome of [the] matter"), *review denied*.

Here, Ciceu has failed to show that he was prejudiced by the Indiana Board's failure to address the 2021 Form 11 claim. Critical to this analysis is the fact that Ciceu has appealed only his 2022 assessment. It is settled that in property assessment appeals, whether at "the administrative [or] judicial level[ ], each tax year – and each appeals process – stands alone." *See, e.g.*, *Fisher v. Carroll Cnty. Assessor*, 74 N.E.3d 582, 588 (Ind. Tax Ct. 2017). Therefore, Ciceu was required to affirmatively demonstrate to the Indiana Board that it had the authority to revisit a claim regarding the 2021 tax year within the context of appealing a different year's assessment (*i.e.,* his 2022 assessment) and to chart the legal path for resolving such a claim. *See, e.g.*, *Gertz v. Porter Cnty.* Assessor, 187 N.E.3d 978, 983-85 (Ind. Tax Ct. 2022) (litigants' mere allegations were insufficient to broaden their tax appeal to include earlier tax years). But Ciceu has never addressed whether or how he could raise a claim regarding notice of his 2021 assessment as part of his 2022 assessment appeal either here or during the Indiana Board administrative proceedings. Nor has he identified to what remedy he would have been entitled had he prevailed. Such omissions are fatal because these nuanced questions require careful analysis and remanding the case now would not reopen the case anew. Ciceu would not be entitled to develop his claims

7

further or to present new evidence, as he was already provided that opportunity previously. Remand would simply require the Indiana Board to decide the claim based on the evidence and arguments already presented. This inadvertent omission therefore is harmless as it would not have altered the outcome of the case. Accordingly, Ciceu cannot satisfy his burden of proving that the Indiana Board's failure to address the claim prejudiced him.[4]

## CONCLUSION

While the Court is committed to deciding cases based on their merits, it will deem alleged errors waived where, as here, a petitioner's noncompliance with the rules of procedure is so substantial it impedes the Court's consideration of the errors and precludes the petitioner from meeting his burden of proof. *See, e.g.*, *Dridi* 172 N.E.3d at 364. Consequently, the Court is compelled to find that the issues raised by Ciceu on appeal are waived, and the Indiana Board's final determination is AFFIRMED in its entirety*.*

---

[4] Lurking in the background of this issue is the question of the extent to which claims and arguments presented in a petition for review can suffice to meet a petitioner's burden on appeal. The Court need not, and does not, reach that question in this case, however. The arguments in Ciceu's petition for review would be inadequate to merit reversal even if allowed to stand in place of a brief.